## Garrick et al. *v.* Garrick et al.

[No. 6,091. Filed March 17, 1909. Rehearing denied April 27, 1909.]

1. CONTRACTS.—*Sales.—Real Estate.—Statute of Frauds.*—A contract by children to transfer a life estate in their two-thirds interest in lands inherited from their father for a fee simple in their mother's share, subject to a life estate in her, is not one for partition, but for a conveyance of interests, and is within the statute of frauds. p. 588.

2. CONTRACTS.—*Real Property.—Part Performance.—Payment of Purchase Money.—Statute of Frauds.*—Payment of the purchase money is not alone a sufficient part performance of an oral con-

tract for the sale of real estate to take it out of the statute of frauds. p. 588.

3. CONTRACTS.—*Specific Performance.*—*Demand.*—To be a subject for specific performance, a contract must be mutual in obligations and remedies; and as to contracts for the conveyance of real estate, a demand therefor must be made before the commencement of the suit. p. 589.

4. VENDOR AND PURCHASER.—*Contracts.*—*Sales.*—*Tender.*—*Demand.* —*Specific Performance.*—Where one contracts to purchase real estate and to pay therefor upon the execution of a deed, the obligations are mutual, and the purchaser, upon tendering the money and demanding a deed, is entitled to maintain a suit for specific performance. p. 589.

5. VENDOR AND PURCHASER.—*Contracts.*—*Specific Performance.*— *Demand.*—*When Unnecessary.*—Where a vendor contracted to sell his land to plaintiff, but sold it to another, the plaintiff is not required to make a tender of the purchase money in order to maintain a suit for specific performance, a demand being useless. p. 589.

6. VENDOR AND PURCHASER.—*Contracts.*—*Specific Performance.*— Where children orally agreed with their mother to give to her a life estate in the land inherited from their father, in exchange for the fee simple to her land so inherited, subject to a life estate in her, and she afterward conveyed her land, such children are not entitled to specific performance, but if they were, they should show a willingness to carry out the terms of their contract.. pp. 590, 593.

7. NEW TRIAL.—*As of Right.*—*Real Property.*—*Title.*—*Complaint.* —*Paragraphs.*—Where a paragraph of complaint under which a new trial as of right is demandable, is joined with another, under which a new trial is not demandable, and judgment is rendered on both, a new trial of the cause is not demandable. p. 590.

8. NEW TRIAL.—*Complaint.*—*Paragraphs.*—*Quieting Title.*—*Reformation.*—Where a complaint contained two paragraphs—one for quieting title, the other for reformation and for quieting title— a new trial is not demandable as a matter of right. p. 591.

9. PLEADING.—*Complaint.*—*Quieting Title.*—A complaint to quiet title must show that defendant claims some interest in the land, adverse to plaintiff, which claim is unfounded and which is a cloud upon plaintiff's title. p. 593.

10. PARTITION.—*Oral.*—*Statute of Frauds.*—An oral contract by cotenants for partition, followed by the taking of exclusive possession of their several parts by such cotenants, is not within the statute of frauds. p. 594.

11. SPECIFIC PERFORMANCE.—*Possession.*—*Statute of Frauds.*— Where a vendee sues for the specific performance of an oral

contract for the sale of land, claiming that his possession is sufficient to take the contract out of the statute of frauds, he must show a possession pursuant to such contract. p. 595.

From Porter Circuit Court; *Willis C. McMahan*, Judge.

Suit by Joseph Garrick and others against Mary T. Garrick and others. From a judgment for defendants, plaintiffs appeal. *Affirmed.*

*Boyle & Mott* and *D. E. Kelley*, for appellants.
*Grant Crumpacker* and *William Daly*, for appellees.

MYERS, J.—A demurrer for want of sufficient facts to the third paragraph of the complaint was sustained, and a motion for a new trial as of right was overruled. These rulings are assigned as errors.

Concerning the first error assigned, and in order that some understanding may be had as to the questions to be considered, the substance of the material allegations of the third paragraph of the complaint is set out. It is alleged that Joseph Garrick died January 3, 1899, leaving as his only heirs at law his children, six in number, and his widow, Agnes Garrick; that said children and widow verbally agreed to partition all of the real estate left by said decedent, describing it; that such verbal agreement was made and a partition had on or about January 9, 1899; that by the terms of said agreement said Agnes Garrick was to have the use and benefit of all the income from said real estate for the term of her life, and in consideration therefor the six children were to have the entire real estate left by the decedent, share and share alike, as tenants in common at the death of said Agnes; that said Agnes entered into the possession of said real estate, and continuously from that time has been and is now in possession thereof, collecting all the rents, issues and profits therefrom; that, since the date of said agreement, one of said children, Margaret Hughey, died, leaving as her only heirs Joseph Hughey, one of the plaintiffs, and Al Fellowes, one of the defendants; that on July

13, 1900, said Agnes disaffirmed and repudiated said contract, and attempted to convey her interest in said real estate, left by Joseph Garrick, deceased, to said Mary T. Garrick, who has also repudiated said contract and accepted said interest so attempted to be conveyed, and now claims the same; that said Agnes, though in possession of said real estate, refused to carry out the terms of said contract. Prayer, that plaintiffs have specific performance of the verbal contract, and that a commissioner be appointed to make conveyance, etc.

Specific performance of an oral argreement seems to be the purpose of this paragraph. The verbal agreement stated in the pleading was not an agreement for a partition

1. by the apportionment to the owners of their shares in several ty, but was an agreement for the exchange of interests in land, and subject to the requirement of the statute of frauds. The plaintiffs sought the specific performance of the verbal stipulations in their favor, through the intervention of the court, by a conveyance to them of the widow's one-third in fee simple, subject to her life estate. It does not appear that it was expressly agreed that a deed of conveyance should be executed by either party. If it be considered that the contract implies such execution on the part of the widow, it must be regarded as implying the requirement of a deed of conveyance from the plaintiffs to the widow, and there is no allegation to this effect. She had as much right to the possession of *indicia* of her legal title, as an occupant of the entire estate of her deceased husband, as the other parties to the contract had to the evidence of title in fee in the widow's one-third. The payment of purchase money is not alone a sufficient part

2. performance to take the transaction out of the operation of the statute. *Mather* v. *Scoles* (1870), 35 Ind.

1. A contract of which specific performance will be enforced by a court of equity must be mutual in its obligations

and in its remedy. In *Mather* v. *Scoles, supra,* it was said that "an action cannot be brought on a covenant or agreement to convey real estate, as a general rule, until there has been a demand for such conveyance." In *Lynch* v. *Jennings* (1873), 43 Ind. 276, 286, the court adopted the following language of Shaw, C. J., in *Irvin* v. *Gregory* (1859), 13 Gray 215: "But when, in their nature, the stipulations are, the one to pay money and the other to execute a conveyance, and no time fixed, and no provision that either is to be done first, the covenants are mutual and dependent. The one is not bound to pay, without receiving his conveyance; nor the other to part with his land, without receiving his money. The performances must be simultaneous. In such case, it is not necessary on the part of the purchaser to make a strict tender, and actually to deliver over the money unconditionally, without his deed; it is sufficient that upon reasonable notice to the owner he is ready and willing to perform, and when the performance is the payment of the money, that he has the money and is able and prepared to pay, and demands the deed, and the other absolutely refuses to receive the money and execute the deed; that is a sufficient tender of performanc to warrant the party so offering to maintain his action." See, also, *Fall* v. *Hazelrigg* (1874), 45 Ind. 576.

In *Horner* v. *Clark* (1901), 27 Ind. App. 6, it was held that the repudiation of the contract by the vendor and his denial of obligation under it, and the conveyance by him of the land to a stranger who had notice of the equity of the vendee in possession and took possession of it, obviated the need of a demand before suit. In that case the plaintiff, seeking specific performance of the contract to convey, had fully performed the contract on her part, and there was nothing further to be done by her to entitle her to a deed of conveyance.

In *Burns* v. *Fox* (1888), 113 Ind. 205, it was said: "The reason for the rule which requires a demand before bringing suit is that the covenantor may be afforded a fair opportunity to perform his contract, after becoming aware that the covenantee desires to receive the title, without being harassed with a suit to compel him to do that which he would have done, upon reasonable request, without compulsion. If, however, it appears that the covenantor has put himself in such an attitude in respect to the alleged contract as makes it plain that a demand would be unavailing, the law will not exact the mere idle ceremony." *Cutsinger* v. *Ballard* (1888), 115 Ind. 93; *Harshman* v. *Mitchell* (1889), 117 Ind. 312; *Denlar* v. *Hile* (1890), 123 Ind. 68; *Law* v. *Henry* (1872), 39 Ind. 414; 4 Pomeroy, Eq. Jurisp. (3d ed.), §1407.

It is alleged that at the date specified Agnes Garrick disaffirmed and repudiated the contract, and attempted to convey her interest in the real estate to Mary T. Garrick, who repudiated the contract and accepted said interest so attempted to be conveyed, and said Mary now claims that interest, and Agnes Garrick, although in possession of the real estate, refuses to carry out the terms of the contract.

Under the allegations of this paragraph of complaint there was something yet to be done on the part of the plaintiffs in the specific performance of the contract. They could not have the legal title to the widow's one-third interest transferred to them without the transfer to her of a life estate in their two-thirds interest. Notwithstanding the alleged repudiation of the contract, there must be a showing of readiness or willingness on the part of the plaintiffs to carry out the contract on their part, and this it does not do. Nor does the complaint show such a part performance as is required in such an action to take the case out of the statute of frauds.

It remains to be determined whether the court erred in denying the appellant's motion for a new trial as of right.

The granting of a new trial as of right under the
7. statute is limited by the decisions to actions for the
possession of real estate where the title is involved or
to quiet the title thereto, and the rule is that where two or
more substantive causes of action proceed to judgment in
the same case, and one of them would entitle the losing party
to a new trial as a matter of right, and the other would not,
a new trial as of right is not allowable. *Aetna Life Ins. Co.*
v. *Stryker* (1908), 42 Ind. App. 57; *Nutter* v. *Hendricks*
(1898), 150 Ind. 605; *Bennett* v. *Closson* (1894), 138 Ind.
542; *Schlichter* v. *Taylor* (1903), 31 Ind. App. 164; *Cambridge Lodge, etc.,* v. *Routh* (1904), 163 Ind. 1.

The first paragraph of the complaint in substance alleged
that plaintiffs were the owners in fee simple of certain described real estate, subject to the life estate of Agnes
8. Garrick, and stating the interest of each of the parties, plaintiff and defendant; that Agnes and Mary
T. Garrick and Al Fellowes claim an interest in said real
estate adverse to the rights of the plaintiffs, which claim is
without right and unfounded, and a cloud upon their title.

The second paragraph alleged that Joseph Garrick died
January 3, 1899, and left surviving as his sole heirs at law
six children, naming them, and his widow, Agnes Garrick;
that said decedent at the time of his death was the owner in
fee simple of certain described real estate; that on or about
January 9, 1899, said children and said widow, desiring to
make amicable partition of said real estate, of which they
were the owners as tenants in common, agreed that said six
children should convey to said Agnes Garrick, for the term
of her natural life and for her use and benefit, all their
right, title and interest in and to certain described real
estate of said decedent, and in consideration thereof said
Agnes agreed that the entire estate left by her said deceased
husband, including all the interest which said six children
and said widow held in common, should vest as a remainder

in said six children in common, share and share alike, in fee simple, the enjoyment of the rents, issues and profits thereof to be postponed until after the death of said Agnes; that, in order to carry out the intention and agreement of all concerned, a scrivener was employed to prepare a deed according to said verbal agreement, and on January 9, 1899, said six children, their husbands and wives joining, by deed demised and leased to said Agnes Garrick, for the sum of $1 and love and affection, the real estate embraced in said alleged agreement, with the proviso that at the death of the grantee said real estate should revert to the grantors; that by a mistake of the scrivener, and by mutual mistake of all the parties to said agreement, said Agnes Garrick was not required to sign and did not sign said deed or contract, and that the covenant providing for the vesting of the entire real estate left by Joseph Garrick, deceased, in said six children as tenants in common was not stated as intended by all the parties to said verbal agreement; that the language which should have been, and was intended to be, used to express their agreement is set forth, followed by the language actually employed and alleged to be the mistake of the scrivener and the mutual mistake of all the parties. It was alleged that in pursuance of said agreement said Agnes entered into possession of the real estate described in said deed, and since January 9, 1899, has been and still is enjoying all the rents, issues and profits therefrom, and is now in possession of said real estate under and by virtue of said instrument, etc. Prayer, that the deed be reformed, and that said children or their descendants, naming them, "be declared the owners as tenants in common of the entire estate of Joseph Garrick, deceased, in remainder, subject to the life estate of said Agnes Garrick, and that their title thereto be quieted."

The substance of the second paragraph as given, serves to show that the cause of action stated was to reform the instrument executed by the children of Joseph Garrick to

the surviving parent, and that the question of title was only incidentally involved. If this be true, a new trial as of right will not be granted, although the quieting of title be included in the prayer. *Richwine* v. *Presbyterian Church* (1893), 135 Ind. 80; *Roeder* v. *Keller* (1893), 135 Ind. 692; *Voss* v. *Eller* (1887), 109 Ind. 260; *Schlichter* v. *Taylor*, *supra.* The cause of action stated in this paragraph arose by reason of a mistake in the deed set forth in the pleading, whereby the intention of the parties was not expressed as agreed; but if the deed had expressed the intentions of the parties thereto there would have been no cause for complaint and no grounds for reformation of the deed. The gist of the pleading was the assertion of a purely equitable right.

It is settled by numerous cases that a complaint to quiet title to real estate must contain an allegation that the defendant claims title to or interest in the real estate adverse to the plaintiff, or that the defendant claims title or interest in the real estate, which claim is unfounded and a cloud upon the plaintiff's title. *Second Nat. Bank* v. *Corey* (1884), 94 Ind. 457; *Miller* v. *City of Indianapolis* (1890), 123 Ind. 196; *Conger* v. *Miller* (1886), 104 Ind. 592; *Nutter* v. *Hendricks, supra.*

Applying the law as announced in the cases last cited to the facts alleged in said second paragraph, compels the conclusion that no cause of action to quiet title is stated.

We find no reversible error. Judgment affirmed.

## ON PETITION FOR REHEARING.

MYERS, J.—On petition for rehearing the appellants suggest that in our opinion rendered upon the original hearing we erroneously held the complaint for specific performance faulty for want of any showing of readiness or willingness on the part of the plaintiffs to carry out the contract on their part, and counsel appear to regard such a requirement as contrary to the decision in *Riley* v.

*Walker* (1893), 6 Ind. App. 622.  That case did not escape our attention on the former hearing.  It was an action at law for the recovery of damages for breach of a contract wherein it appeared that the refusal of the defendant rendered it impossible for the plaintiff further to perform on his part, and excused him from such performance; while in the case at bar, by the paragraph in question, it is sought to set forth grounds for a suit in equity for specific performance of an oral contract for the conveyance of an interest in land, wherein it appears that if, in other respects, a case for specific performance were shown, it would be inequitable to require the conveyance from the defendant without a conveyance of other interests in real estate by the plaintiffs to the defendants.  In addition to our citations in the original opinion upon this question, we refer to Pomeroy, Contracts (2d ed.), §§326, 360, *et seq.*

Counsel also question our statement that the complaint does not show such a part performance as is required to take a case for specific performance out of the statute.  We of course agree that, when tenants in common make parol partition, and each takes exclusive possession of the share so allotted to him, or where there is a family arrangement by parol, carried out by such exclusive possession by the several parties to it, the statute of frauds is not applicable; but we do not find such a partition shown in this complaint, which, by its prayer, as well as otherwise, purports to be a suit to compel defendant Agnes Garrick to convey an interest in land pursuant to a parol agreement to make such conveyance in exchange for other interests in land.  The fact upon which reliance is placed to take the case at bar out of the statute is the supposed taking of possession under the contract.  It must be remembered that appellants sued as vendees, not as vendors.  They seek a conveyance of Mrs. Garrick's interest to themselves.  They claim to have delivered possession of their own shares of the land to appellee Agnes Garrick for the period of her life;

but what interest or share in the land belonging to said Agnes had been delivered to them or taken possession of by them?

11. Where the vendee sues for specific performance, relying upon possession to take the case out of the statute, he must show a possession of the land or interest therein delivered to him by the vendor pursuant to the contract under which he seeks a conveyance. Pomeroy, Contracts (2d ed.), §118, *et seq*.

Petition for rehearing is overruled.