FRANKEL v. VOSS ET AL.

[No. 8,567. Filed June 1, 1915.]

1. CORPORATIONS.—*Process.—Service by Publication.—Collateral Attack.*—The rule that in order to procure valid service on a corporation by publication a summons must first have been issued and a return made by the sheriff thereon disclosing that the corporation had no officer or person authorized to transact its business upon whom process could be served, is not available in a collateral attack on a decree of foreclosure rendered against a corporation by default on service by publication. p. 179.

2. JUDGMENT.— *Collateral Attack.— Jurisdiction.*— Where a judgment or decree has been entered of record by a court of general jurisdiction, it will not be void for want of jurisdiction unless the fact that the court had no jurisdiction affirmatively appears upon the face of the record. p. 180.

3. JUDGMENT.—*Collateral Attack.—Jurisdiction.—Process.*—Before a court can act it must determine that it has jurisdiction to decide the matter presented, which determination is a judicial act as conclusive against collateral attack as any other judicial decision; and, where a court, having jurisdiction of the subject-matter, adjudges that notice was given, such decision will repel a collateral attack, unless the record affirmatively shows that no notice was given, and even though the record shows that the notice was defective and irregular. p. 180.

4. REAL ACTIONS.— *Recovery of Property Sold on Foreclosure Decree.— Limitation of Actions.— Statutes.*— Subdivision 3, §295 Burns 1914, §293 R. S. 1881, providing that actions for the recovery of real property sold on execution shall be brought within ten years after the sale, renders the title of the purchaser at such sale impervious to attack after the expiration of ten years by the execution debtor or anyone claiming under him, even though the sale may have been utterly invalid, and the statute also applies to sales made on foreclosure decrees; hence where the purchaser at a foreclosure sale immediately took possession and he and his grantees continued in open and notorious possession for more than ten years without being disturbed, their title and

right of possession was protected as against one claiming under a corporation that owned the property at the time of the sale, even though the decree was taken by default on alleged defective service by publication. p. 180.

5. NEW TRIAL.—*As of Right.*—*When May be Had.*—Where the complaint stated two substantive causes of action, in only one of which a new trial as of right was demandable, a new trial as of right could not be had; so that in an action by one claiming under defendant in a foreclosure proceeding for the possession of the land sold under the decree, where the complaint, in addition to alleging the facts upon which the right to possession was asserted, also sought an adjudication of the amount of purchase money paid by the purchaser at such foreclosure sale, with interest, and contained an offer to pay such sum to whomsoever the court might direct, etc., a new trial as of right was properly denied. p. 182.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Action by Julius Frankel against Joachim Voss and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*F. L. Welsheimer, A. K. Sills, Jr.,* and *A. K. Sills,* for appellant.

*Otto J. Bruce, Weir & Worden, O'Donnell & Norton, Oakes & Ames, Nye & Davis* and *W. Vincent Youkey,* for appellees.

MORAN, J.—Appellant commenced this action against appellees for the possession of a certain tract of real estate, on the ground that he was the owner in fee simple thereof, and to have the amount of a lien growing out of a foreclosure proceeding, fixed, in order that he might discharge the lien on the real estate by paying to appellees or to the ones entitled thereto the amount found to be due. By the conclusions of law stated on the facts specially found, appellant was denied the relief sought, and from a judgment rendered against him he appeals. The questions presented for review arise upon the conclusion of law and the refusal of the court to grant a new trial upon written reasons filed, and as a matter of right.

Tersely stated this controversy is waged around the legality of a foreclosure proceeding had against the real estate in question. On November 15, 1890, appellee, Joachim Voss was the owner of the real estate in question, consisting of nineteen acres, located in section 8, township 36, range 8 west, in Lake County, Indiana, and on the date above, he conveyed the same by warranty deed to Arthur E. Clark, for the sum of $2,000, and to secure $1,500 of the purchase money, which was unpaid, Clark executed a mortgage thereon to appellee, Joachim Voss. On November 24, 1890, Clark and wife conveyed the same real estate to Peter Stein, subject to the mortgage incumbrance of $1,500; on December 16, 1890, Peter Stein caused the real estate to be platted into blocks and lots as Germania No. 2 Addition to the town of Tolleston, Indiana, and which since that time has become a part of the city of Gary, Indiana. Stein conveyed by warranty deed to the Tolleston Park Company, a voluntary association, organized under the laws of the State of Indiana, for the purpose of buying, holding and selling real estate; by the provisions of the deed the Tolleston Park Company agreed to pay the mortgage indebtedness against the real estate in the sum of $1,500. Prior to October 21, 1895, the Tolleston Park Company conveyed to divers persons many of the lots so platted. On the date last mentioned $500 of the mortgage incumbrance remained unpaid and was past due, and appellee, Joachim Voss filed suit to foreclose the mortgage securing the same, making the Tolleston Park Company, together with the purchasers of the lots aforesaid parties defendant. Notice by publication was given as to the nonresident defendants. As to the Tolleston Park Company, the affidavit stated that the company had no office or place of business in the State of Indiana, so far as the affiant and plaintiff to the action knew; that its main office was in the city of Chicago, but that its officers and employes had left the same without

giving any address as to their whereabouts and upon diligent inquiry the residence of the company was unknown; that it had departed from the State of Indiana, in order to avoid service of summons. After notice by publication for three weeks had been given, all defendants to the suit were defaulted, including those personally served and those served by publication. A decree of foreclosure was entered against the real estate, and on March 21, 1896, the real estate was sold to appellee, Joachim Voss, and on March 27, 1897, the sheriff of Lake County executed to the purchaser a deed for the real estate in question. There was $783.15 due on the decree against the real estate at the time of the sale. Upon the execution of the sheriff's deed appellee, Joachim Voss, immediately took possession of the real estate, and he and his grantees, who purchased in good faith, remained in open, continuous, adverse and exclusive possession, undisturbed until the filing of the suit. On August 15, 1909, appellant took a quitclaim deed from the Tolleston Park Company for the real estate in question in consideration of $500; the value at the time of the conveyance was not less than $12,000. The Tolleston Park Company from its organization to the commencement of the suit in bar was managed and controlled solely by Hulburd Dunlevy, no records or books were kept by the company, and from 1894 to 1906, he gave the real estate no attention, paid no taxes thereon, nor any of the indebtedness against the same, and he had knowledge of the foreclosure proceedings. Appellant Julius Frankel, at the time he took the quitclaim deed for the real estate, and prior thereto, had knowledge of the foreclosure proceedings.

The theory of appellant is that the foreclosure proceedings and sale as to the Tolleston Park Company were absolutely void for want of notice. On the part of appellee, Joachim Voss, it is the contention as to this branch of the case that the foreclosure proceedings and sale divested the

Tolleston Park Company of all its right, title and interest in and to the real estate in question.

The specific infirmity pressed by appellant is that in order to get valid service upon the Tolleston Park Company, by publication, a summons must first have been issued 1. and a return made by the sheriff thereon, as provided by statute, and that this was a prerequisite and strictly jurisdictional, before service could be had by publication, and without such steps being taken the decree rendered was void. In support of this proposition reliance is placed principally upon *Eel River R. Co.* v. *State, ex rel.* (1896), 143 Ind. 239, 42 N. E. 617. This decision in construing a statute in reference to service of process upon a corporation, organized under the laws of this State, held that before constructive service could be had the sheriff's return must disclose that the corporation had no officer, or person authorized to transact its business, residing within the county where such corporation had been located, or exercised its powers, upon which process could be served, as required by the act. But in that case the service was directly challenged by a motion to quash the same, therefore, it is not an authority in the case at bar.

The questions of service, jurisdiction both of the subject-matter and of the person, as well as that of a direct and collateral attack on a judgment or decree of a court of general jurisdiction, have recently received much attention by this as well as the Supreme Court, and the authorities have been reviewed and analyzed in the following cases: *Stone* v. *Elliott* (1914), 182 Ind. 454, 106 N. E. 710; *Larimer* v. *Krau* (1914), 57 Ind. App. 33, 103 N. E. 1102, 105 N. E. 936; *Baker* v. *Osborne* (1914), 55 Ind. App. 518, 104 N. E. 97; *Friebe* v. *Elder* (1914), 181 Ind. 597, 105 N. E. 151; *Beavers* v. *Bess* (1915), 58 Ind. App. 287, 108 N. E. 266; *Sinclair* v. *Gunzenhauser* (1913), 179 Ind. 78, 98 N. E. 37, 100 N. E. 376. A further analysis and review of the

authorities on this subject would serve no useful purpose. The rule adduced from these authorities is that when a judgment or decree has been entered of record in a court of general jurisdiction, to render the same void, it is not enough that the court did not in fact have jurisdiction to render it, but the want of jurisdiction must affirmatively appear upon the face of the record; that before a court acts it must determine that it had jurisdiction to decide the matter presented; and when it had so determined it becomes a judicial act, as final and conclusive against a collateral attack as any other judicial decision. And where the court, having jurisdiction of the subject-matter, adjudges that notice was given, this decision will repel a collateral attack, unless the record of the court affirmatively shows that no notice was given, and this is so although the record shows a defective and irregular notice. The conclusion we have reached on another branch of this cause makes it unnecessary to determine whether the record affirmatively discloses that a summons was not issued for the Tolleston Park Company, and returned as the statute provides, before resorting to constructive service, nor do we need to decide that if there was a failure to issue summons and a return made thereon by the sheriff that there was no officer or person upon whom service could be had, that it would or would not be such an infirmity within the meaning of the authorities as to render the decree vulnerable to collateral attack for the want of jurisdiction.

The sheriff's sale of the real estate took place on March 26, 1896, and the finding is that the purchaser immediately took possession, and he and his grantees continued in open, notorious and adverse possession for more than ten years, without being disturbed. It is the contention of appellees, that their title and right of possession, after the lapse of ten years, is impervious to an attack by virtue of subdivision 3 of §295 Burns 1914, §293 R. S. 1881, which provides: ''For the recovery of real

property sold on execution, brought by the execution-debtor, his heirs, or any person claiming under him, by title acquired after the date of the judgment, (shall be commenced) within ten years from the date of sale." The scope, purpose and intention of the above provision has been a fruitful source of investigation as is disclosed by the numerous decisions that have reached the appellate tribunals of this State, on this subject. It has been held, "The statute protecting purchasers at sheriffs' sales was not intended to cure mere irregularities,—for mere irregularities will not vitiate a sheriff's sale,—but to prevent the disturbance of titles founded upon a sheriff's sale made under color of authority, although the sale was utterly invalid. Valid sales, of course, need no statute of repose to protect them; it is only the invalid ones that need this protection." *Souders* v. *Jeffries* (1886), 107 Ind. 552, 8 N. E. 288. See, also, *Brown* v. *Maher* (1879), 68 Ind. 14; *Hatfield* v. *Jackson* (1875), 50 Ind. 507; *White* v. *Clawson* (1881), 79 Ind. 188; *Hawley* v. *Zigerly* (1893), 135 Ind. 248, 34 N. E. 219; *Orr* v. *Owens* (1891), 128 Ind. 229, 27 N. E. 493; *Armstrong* v. *Hufty* (1901), 156 Ind. 606, 55 N. E. 443, 60 N. E. 1080; *O'Keefe* v. *Behrens* (1906), 8 L. R. A. (N. S.) 354, note; *Toll* v. *Wright* (1877), 37 Mich. 93; *Gray* v. *Stiver* (1865), 24 Ind. 174. In construing the above provision of the statute, the court makes use of the following language in *Armstrong* v. *Hufty, supra*, "sheriffs' sales, whether void on account of misdescription, or for any other reason, unless it be that the court which rendered the judgment upon which the writ issued had no jurisdiction of the subject-matter, are protected thereby, and that the same applies to a foreclosure sale as well as to sales on ordinary executions." In *Gray* v. *Stiver, supra*, the court said, in reference to the statute under consideration: "This court has held, in a case involving like principles, that the statute applies even when the court has not acquired jurisdiction over the persons of the owners of the land sold.

*VanCleave* v. *Milliken* [1859], 13 Ind. 105; *Vail* v. *Halton* [1860], 14 Ind. 344. Indeed, the statute would be useless, if it protected only titles which do not need protection." In *Moore* v. *Ross* (1894), 139 Ind. 200, 38 N. E. 817, it was held that the execution defendant, and those claiming under the execution defendant, have ten years in which to bring an action to recover real estate sold on execution, and during this period the sale is open to every conceivable objection to its validity. That after the expiration of ten years, it is open to no objection that can be urged against it in an action by the execution debtor or his assigns to recover the possession. This was a case where the real estate was bid in by the mortgagee at her own sale. The facts in the case at bar, in the light of the authorities, were sufficient to start the ten-year statute of limitations in operation. The Tolleston Park Company was made a party defendant to the foreclosure proceedings; the indebtedness was past due, a decree *in rem* only was entered, and the record shows service by publication, and the affidavit upon which the notice was based showed a diligent effort to ascertain the whereabouts of the Tolleston Park Company. Whether such service would have been sufficient as against a collateral attack within ten years after the sale is immaterial. The statute being one of repose, we are of the opinion that it affords the appellees protection as against the attack made upon their title and right of possession, after the lapse of ten years.

This leaves for consideration the question as to whether appellant was entitled to a new trial as of right. The complaint, which is in one paragraph, alleges the ownership and the right of possession, in appellant of the real estate described therein, and each and every step taken in the foreclosure proceedings, including the sale by the sheriff, and the subsequent conveyances by the purchaser of many of the lots to various parties, who were made defendants, and closes with the following language:

"Plaintiff avers that the said defendant, Joachim Voss, on the 21st day of March, 1896, paid to the sheriff of said Lake County, Indiana, the sum of $783.15, as and for the purchase price of said real estate under said void decree of foreclosure as aforesaid. Plaintiff alleges that the court should determine the amount of the purchase money paid with interest and fix a time within which the plaintiff in this suit should pay the same and to whom it should be paid. All of which plaintiff alleges that he is willing and offers now to do. Wherefore, the plaintiff demands judgment for possession and that the court ascertain and determine what amount if any is due the defendants or either of them on account of the money paid at the sheriff's sale herein referred to and that the court fix the time within which the plaintiff here shall pay the same and for all other proper relief."

If the complaint is one for ejectment, being an action at law, a new trial as of right should have been granted, on the other hand, if the facts alleged state another substantive cause of action, that of an equitable remedy of redemption, then a new trial as of right was properly refused, the latter being a suit in equity. It has been frequently held that where the complaint states two substantive causes of action, which it may, in one of which a new trial as of right is demandable, and the other in which it is not, a new trial as of right should, be refused. *Garrick* v. *Garrick* (1909), 43 Ind. App. 585, 87 N. E. 696, 88 N. E. 104; *Cambridge Lodge, etc.* v. *Routh* (1904), 163 Ind. 1, 71 N. E. 148; *Nutter* v. *Hendricks* (1898), 150 Ind. 605, 50 N. E. 748; *Wilson* v. *Brookshire* (1891), 126 Ind. 497, 25 N. E. 131, 9 L. R. A. 792; *Richwine* v. *Presbyterian Church* (1893), 135 Ind. 80, 34 N. E. 737; *Butler University* v. *Conard* (1884), 94 Ind. 353; *Bradford* v. *School Town of Marion* (1886), 107 Ind. 280, 7 N. E. 256. In *Bennett* v. *Closson* (1894), 138 Ind. 542, 551, 38 N. E. 46, it was said, "As to the actions of redemption, subrogation, and foreclosure,

it does not admit of question that a new trial as of right is not allowable. These are substantive causes of action in the case, and, under the decisions cited must control. A new trial as of right cannot be granted in the whole case." In *Aetna Life Ins. Co.* v. *Stryker* (1908), 42 Ind. App. 57, 83 N. E. 647, a new trial as of right was refused where the right to redeem and to quiet title was asked in the same complaint. In *Voss* v. *Eller* (1887), 109 Ind. 260, 10 N. E. 74, a new trial as of right was refused where the right of redemption was pleaded with that of the right of cancellation of a mortgage. The complaint in the case at bar discloses that appellant asks to do equity, in this, he alleges that he is willing and offers to pay whatever amount the court should determine that he should pay by reason of the sale by the sheriff. He likewise asks that the time be fixed when he should pay the same. From the general scope of the complaint, the conclusion must be reached that it contains two substantive causes of action, one an action at law, that of ejectment, and the other a suit in equity, that of redemption. Therefore a new trial as of right was properly refused.

Many of the questions specifically presented by appellant's able counsel, have not been discussed, for the reason they are covered in a general way by what we have said as to the ten-year statute of limitations being applicable to the facts as presented by the record, and no useful purpose can be accomplished in extending this opinion by a specific discussion of the other questions.

There is no reversible error in the record. Judgment affirmed.

NOTE.—Reported in 109 N. E. 55. As to what are collateral attacks upon judgments, see 23 Am. St. 104. On the right of one in possession under void foreclosure sale as affected by statute of limitations, see 40 L. R. A. (N. S.) 846. See, also, under (1) 23 Cyc. 1077; (2) 23 Cyc. 1085, 1086; (3) 11 Cyc. 701; 23 Cyc. 1079; (4) 25 Cyc. 1030; (5) 29 Cyc. 1037, 1036, 1034.