### SEITZ *v.* KOTHE-WELLS AND BAUER.

[No. 9,830. Filed May 14, 1919.]

APPEAL.—*Matters Reviewable.—Ruling on Demurrer.—Judgment Harmless to Defendant.*—In an action to foreclose a chattel mortgage in which appellant was made a party defendant to answer as to his interest in the property involved under a prior mortgage, where there was a general finding for plaintiff and against defendant, and on appeal defendant did not challenge the finding that he had no interest in the mortgaged chattels, but complained only of the ruling of the trial court in sustaining a demurrer to an answer alleging that plaintiff's mortgage was void, the judgment must be affirmed, since appellant, having failed to show or claim any interest in the property in question, could not have been harmed by the judgment and decree, and the court on appeal in such a case will not determine the mere abstract question as to the correctness of the ruling on the demurrer.

From Marion Superior Court (99,029); *W. W. Thornton,* Judge.

Action by Kothe-Wells and Bauer against Charles Seitz and another. From the judgment rendered, the defendant named appeals. *Affirmed.*

*White & Jones,* for appellant.
*Pickens, Cox & Conder,* for appellee.

ENLOE, J.—This action was begun by the Kothe-Wells and Bauer Company, appellee, to foreclose a chattel mortgage executed by one Daniel E. Rogers,

on January 6, 1915, to secure the payment to appellee, when it should become due, of a certain promissory note of even date, for the sum of $206.68 due in thirty days, and upon payment of which a default had been made.

In June, 1914, appellant had loaned to said Rogers the sum of $500 and had also indorsed a certain promissory note in the amount of $700 for said Rogers, and to secure the appellant in the matter said Rogers had executed to appellant a chattel mortgage upon the same property afterwards covered by the mortgage in suit.

The appellant was made a defendant in this suit to answer to his interest in and to the property in question, and he filed an answer in three paragraphs: First, general denial; second, alleging that the mortgage to appellee was void under the provisions of the Bulk Sales Law of this state (Acts 1909 p. 122, §7471a Burns 1914), and, third, setting up a claim under the mortgage of June, 1914, and asked that his mortgage be decreed a prior lien to that of appellee.

To the above-mentioned second and third paragraphs of answer demurrers were filed, and sustained as to second and overruled as to the third paragraph, and reply in general denial by appellee closed the issues.

A trial was had before the court, which made a general finding in favor of appellee, and against appellant, and that appellant had no interest in or lien upon the property in question, and judgment was rendered accordingly, and property ordered sold to pay appellee's debt.

The appellant then filed his motion for a new trial, assigning various reasons therefor, but, as the action

of the trial court in overruling same is not challenged on this appeal, the same need not be set out.

The only error complained of in this case is the action of the trial court in sustaining the demurrer to the appellant's second paragraph of answer, and in thereby refusing to hold said mortgage to appellee void.

If the appellant had any lien upon, or interest in, the property covered by the mortgage to the appellee, so that he was injured, as to his property, by said decision, he might be in a situation to complain; but here he is not complaining of the action of the court in finding and decreeing such want of interest. He is in the attitude of confessing that the decree is right, and that he has no interest in the property, yet is seeking to question the correctness of the ruling of the court upon the demurrer. If he had no interest in the property, he was not harmed, and he has no legal right to complain.

In 2 R. C. L., page 52, it is said: "In addition to the requirement of a substantial interest in the subject-matter of the litigation, it is essential, in order that a person may appeal or sue out a writ of error, that he shall be aggrieved or prejudiced by the judgment or decree; appeals are not allowed for the purpose of settling abstract questions, however interesting or important to the public generally, but only to correct errors injuriously affecting the appellant"—citing authorities. *McFarland* v. *Pierce* (1897), 151 Ind. 546, 45 N. E. 706, 47 N. E. 1; *Gavin* v. *Board, etc.* (1882), 81 Ind. 480.

We have, however, considered said second paragraph of answer. There was no error in sustaining the demurrer thereto.

Judgment is affirmed.