INDIANA NATIONAL BANK OF INDIANAPOLIS *v.* DANNER, RECEIVER.

[No. 25,851. Filed February 25, 1930.]

(See 203 Ind. 205 for final determination of this cause.)

*William W. Hammond, C. Severin Buschmann, William C. Kern, Leo M. Gardner* and *Robert C. Kewley,* for appellant.

*Theophilus J. Moll, Merle N. A. Walker* and *Walker & Hollett,* for appellee.

PER CURIAM.—In the receivership of the Direct Advertising Corporation the appellant filed an intervening petition alleging that when the receiver was appointed it was a creditor in the sum of $24,198.62; that it received payments from other sources, and that the amount remaining due and unpaid on its claim was $2,730.08. The prayer of its petition was that its claim be allowed against the defendant company and the receiver thereof in the sum of $24,198.62, but with the provision that the petitioner should not share in the distribution nor receive any dividend beyond or in excess of the balance remaining due and unpaid of $2,730.08.

There was a hearing by the court, and the following entry was made: "Come the parties herein and the court being duly advised in the premises now allows the claim of the Indiana National Bank for the sum of $2,730.08, which said amount is to be paid by the receiver herein." The question before this court is whether

this entry was a final judgment or an interlocutory order. If a final judgment the jurisdiction is in the Appellate Court, but if an interlocutory order the jurisdiction is in the Supreme Court.

A final judgment is one which disposes of the cause both as to the subject matter and the parties so far as the court has power to dispose of it, while an interlocutory order is one which does not so dispose of the cause, but reserves or leaves some question or direction for future determination. 33 C. J. 1061, §18; 2 R. C. L. 40, §22; *Hord, Trustee,* v. *Bradbury* (1901), 156 Ind. 30, 95 N. E. 31; *Hay* v. *McDaneld* (1901), 156 Ind. 390, 59 N. E. 1064; *Hamrick, Trustee,* v. *Loring* (1896), 147 Ind. 229, 45 N. E. 107; *Bentley, Admr.,* v. *Brown* (1890), 123 Ind. 552, 24 N. E. 507; *Wehmeier* v. *Mercantile Banking Co.* (1912), 49 Ind. App. 454, 97 N. E. 558; *Neyens* v. *Flesher* (1907), 39 Ind. App. 399, 79 N. E. 1087; *Teaff* v. *Hewitt* (1853), 1 Ohio St. 511.

The action of the lower court was a final determination of the particular matter before it, and it did not leave any question for future determination. It is conceded by the appellant that in *Ryon, Receiver,* v. *Thomas* (1885), 104 Ind. 59, 3 N. E. 653, the entry was an interlocutory order and not a final judgment as it did not completely dispose of the cause. That case is not an authority that an interlocutory order was made in the instant case. The entry of the trial court herein was a final judgment.

The supplemental motion of the appellee to dismiss the appeal, stating that it was taken from an interlocutory order and not filed within the statutory time, is overruled. As this court does not have jurisdiction of the appeal, the cause is hereby transferred to the Appellate Court.