STATE EX REL. UNEMPLOYMENT COMPENSATION BOARD OF UNEMPLOYMENT COMPENSATION DIVISION *v.* BURTON ET AL.

[No. 16,934.   Filed November 10, 1942.]

*George N. Beamer*, Attorney General, *Fred R. Bechdolt* and *Charles W. Grubb*, Deputies Attorney General, for appellants.

*Claude A. Smith, Arthur S. Wilson*, both of Princeton, for appellees Burton and Wright, and *B. Howard Caughran*, U. S. District Attorney, *Paul A. Pfister* and *David F. Long*, all of Indianapolis, for appellee, Will H. Smith.

BEDWELL, J.—By this appeal the appellant seeks to present the question of the power or right of a trial court to amend and correct, *nunc pro tunc*, a judgment that had been rendered in a receivership proceeding, after the close of the term of the court at which the original judgment was entered.

The Nashville Coal Company, Inc., instituted an action in the Gibson Circuit Court against the New Liberty Coal Company, Inc., to recover a judgment on promissory notes and to foreclose a mortgage, and in such proceeding the appellees V. L. Burton and Russell R. Wright were appointed coreceivers of the New Liberty Coal Company, Inc.

During the pendency of the receivership proceeding, the appellee Will H. Smith, as Collector of Internal Revenue, District of Indiana, Department of Treasury of the United States of America, filed a claim for taxes due the United States of America pursuant to Titles VIII and IX of the Social Security Act (Title 42,

§ 1001 and § 1101, and Title 26, § 1400 United States Code Annotated), plus interest and penalties in the total sum of $1,979.04. This claim was afterwards amended; and in the amended claim it was set forth that the sum of $665.11 was due the claimant under Section 801 of Title VIII of the Social Security Act passed by the Federal Congress, because of deductions made by the New Liberty Coal Company, Inc., as employer, from wages due its employees.

The appellant also filed a claim in the receivership proceeding in which it was alleged that the New Liberty Coal Company, Inc., was justly indebted to it in the sum of $1,315.93 for unemployment compensation contributions that had been assessed pursuant to chapter 4 of the Acts of 1936, as amended by chapter 125 of the Acts of 1937 of the General Assembly of Indiana.

After the filing of such claims, and on October 5, 1939, the coreceivers filed a petition in the Gibson Circuit Court in which they prayed the direction and instruction of the court in reference to the disposition of the balance of money in their hands. In such petition they set forth that they had reduced all the assets of the New Liberty Coal Company, Inc., to cash; that they had a balance in their hands of $1,336.94, and that after payment of fees for services of the coreceivers and their attorneys and the court costs there would remain a balance of $786.94. They then set forth an itemized list of general claims in the amount of $1,471.23, of preferred claims in the amount of $13,379, which list includes the claims of appellant, and Will H. Smith, as Collector of Internal Revenue, and then prayed instructions with reference to the disposition of said balance of $786.94.

Thereafter, and on November 22, 1939, the court entered an order allowing, first the claim of the co-

receivers and their attorneys for their services, and
next ordering the coreceivers to pay the costs of the
action. The order then proceeded as follows: "and
that said co-receivers should pay the sum of $665.11
due for Unemployment Compensation Insurance, as
provided by law, as a priority over any and all other
claims filed herein, save and except the fees due said
co-receivers and said attorneys and the costs of this
action . . ." A judgment, which followed the terms
thereof, was rendered upon such order.

After the making of such order, and on April 1, 1941,
the coreceivers filed their final report setting forth their
receipts and disbursements and praying the approval
thereof, and their discharge from their trust and the
release of their bond. In such final report they show
the following item of disbursements:

"40.   March 7, 1941, Collector of Internal Reve-
nue, taxes                              $665.11"

On April 14, 1941, the court below approved this final
report, the judgment of approval reciting that the
coreceivers had collected all the assets of the trust and
had distributed all of said assets according and pur-
suant to the order of the court; that there were no
objections or exceptions filed to the final report, and
that creditors and all others interested were notified
to appear on the 12th day of April, 1941, if they had
any objection or exception. This judgment approving
such final report specified, "that the final report of
the said co-receivers heretofore filed in this cause, be,
and the same is now by the court fully approved, to-
gether with all payments made by said co-receivers, in-
cluding their own fee, and that of their attorneys; that
said co-receivers should be and they are now by the court
discharged and released from their trust; and that the
bond heretofore executed in this matter is released;

and the co-receivership is by the court declared fully and finally and completely settled."

Thereafter, and on September 30, 1941, the appellees V. L. Burton and Russell R. Wright, as coreceivers of the New Liberty Coal Company, Inc., filed a verified petition to amend and correct the judgment entered on November 22, 1939, *nunc pro tunc*. In such petition they set forth that by inadvertence, neglect and misprison of the attorneys preparing the entry, order and judgment they had not properly entered the judgment as rendered by the court in that the order and decree provided that the coreceivers should pay the sum of $665.11, "due for Unemployment Compensation Insurance, as provided by law," when such order and decree should have provided, "that said coreceivers should pay the sum of $665.11 due to Will H. Smith, Collector of Internal Revenue, as deductions from the employees' wages for old age benefits, as provided by law."

The court entered an order on September 30, 1941, granting the coreceivers' motion to amend and correct the judgment and entered a judgment by which the judgment of November 22, 1939, was amended, *nunc pro tunc*, as prayed.

The appellant excepted to the order of the court granting the motion to amend the judgment of November 22, 1939, *nunc pro tunc*, and seeks to appeal herein from the action of the trial court in overruling its exception and granting the motion of the coreceivers.

It does not appear from the record that any steps were taken to set aside the judgment of the court below, entered on April 14, 1941, approving the final report of the coreceivers and discharging them, nor do the parties raise any question about the power of the court below to amend and correct the judgment of November 22,

1939, after a final judgment had been rendered by the court terminating the receivership proceedings and discharging the co-receivers.

But the appellee, Will H. Smith, as Collector of Internal Revenue, is contending that the judgment of November 22, 1939, was an interlocutory judgment which might be amended at any time either upon direct and summary proceedings instituted for that purpose or by the court upon its own motion. Such appellee further contends that the appellant failed to file any exceptions to the final report of the coreceivers and that they are bound thereby, and that having failed to appeal from the final judgment, approving such final report, that they can raise no question by their attempted appeal from the *nunc pro tunc* judgment, which corrected the interlocutory judgment of November 22, 1939.

It is a general rule that an appeal may be taken from a judgment, order, or decree in a receivership proceeding if the same is final, but that an appeal may be taken from an interlocutory judgment, order, or decree only when an appeal from an interlocutory judgment, order, or decree of that nature is authorized by statute. The judgment of November 22, 1939, was not, in our opinion, a final judgment.

A final judgment is one that disposes of a cause both as to the subject-matter and the parties so far as the court has power to dispose of it. An interlocutory order is one which does not so dispose of the cause but reserves or leaves some question or direction for future determination. *Ind. Nat. Bk. of Indianapolis* v. *Danner, Rec.* (1930), 204 Ind. 709, 170 N. E. 327.

It will be noted that the order of November 22, 1939, did not dispose of the claim of the appellant or of the

appellee, Will H. Smith, as Collector of Internal ▮ Revenue. Nothing was said therein about either claim. The general direction to the coreceivers that they pay the sum of $665.11 due for unemployment compensation insurance, as provided by law, did not direct them to pay to any particular person. The appellant, by its claim, did not seek to recover "Unemployment Compensation Insurance." It sought to recover contributions, due from the New Liberty Coal Company, Inc., to the trust fund, that was maintained by the State of Indiana for the purpose of paying unemployment compensation claims. The judgment entered on April 14, 1941, approving the coreceivers' final report was a final judgment in the receivership proceeding. *H. C. Smith Coal Co.* v. *Finley* (1921), 190 Ind. 481, 131 N. E. 5.

In the case of *Ryon, Receiver,* v. *Thomas* (1885), 104 Ind. 59, 62, 63, 3 N. E. 653, a receiver, previous to final settlement, by mistake, was ordered to pay out more money than he then had and more than would come into his hands as such receiver. He filed his petition to have the order reviewed, reformed, and modified. The court in allowing such petition says:

"While the record entry in question contains a finding of certain facts and has some of the characteristics of the final decree in chancery, it is, nevertheless, essentially nothing more than an interlocutory order entered in a matter *in fieri*, of purely equitable jurisdiction. Such interlocutory orders, when within the jurisdiction of the court, are, as to all matters properly embraced within them, of binding authority so long as they remain in force, but they are within the control of the court making them until the proceeding or cause in which they are made is finally disposed of.

"Such orders, when ascertained to be erroneous or an impediment to further rightful proceedings, may and ought to be amended, modified or set aside,

as the right of the case requires, either upon direct and summary proceedings instituted for that purpose, or by the court of its own motion."

The rule denying a court power to control its judgments after the terms of the rendition thereof refers only to final judgments. The general rule is that interlocutory judgments may be. set aside or modified at a term subsequent to the term of rendition, and that until the rendition of the final judgment the interlocutory judgment remains within the control of the court. 31 Am. Jur., Judgments, § 728, p. 275; Annotation of Cases: 10 A. L. R. 559, 67 A. L. R. 833, 126 A. L. R. 967.

It is not necessary for us to pass upon the question of whether the Gibson Circuit Court had power to' amend its interlocutory judgment of' November 22, 1939, after the entry of its final judgment of April 14, 1941, discharging the coreceivers. It seems plain that under the situation disclosed by the record the appellant was not prejudiced by the entry of the *nunc pro tunc* judgment of September 30, 1941. This is true because its rights had been barred by its failure to object or except within the specified time to the coreceivers' final report. The statute concerning the final report of receivers provides that where exceptions or objections are not filed within thirty days from the filing of the final report that any objection or exception to matters therein contained and to the receiver's account therein reported shall be for all purposes forever barred. Acts of 1937, ch. 109, p. 510, Acts 1939, ch. 81, p. 473, § 3-2616, § 3-2617, Burns' 1933 (Supp.).

The appellant is not entitled to maintain an appeal to determine the question of whether the right to modify

the interlocutory order or judgment of November 22, 1939, existed. Appeals are not allowed for the purpose of settling abstract questions, however interesting or important to the public generally, but only to correct errors injuriously affecting the appellant. *Seitz* v. *Kothe-Wells and Bauer* (1919), 70 Ind. App. 200, 123 N. E. 228; *Ansel* v. *Kyger* (1915), 60 Ind. App. 259, 110 N. E. 559.

Appellant contends that because of the provisions of Acts of 1941, § 13-(c), ch. 227, p. 735, § 52-1514 (9)-(c), Burns' 1933 (Supp.), such final report of the coreceivers, and the approval thereof by the trial court, was a nullity because the report did not show that the taxes imposed pursuant to the Unemployment Compensation Act (now named the Employment Security Act) had been paid, and because it did not show the issuance of a certificate by the employment security division as provided for by such act.

While the act in question fixes the priority of claims for contributions due thereunder, and provides that, "No final report or act of any executor, administrator, or other fiduciary, or other officer engaged in administering the assets of any employer, subject to this act, and acting under the authority and supervision of any court, shall be allowed or approved by the court unless such report or account shows, and the court finds, that all contributions, interest and penalties imposed by this act have been paid, and that all contributions which may become due hereunder, are secured by bond, deposit or otherwise." It does not follow that a judgment approving a final report in a receivership is void, or that the same can be collaterally attacked, upon the ground that the judgment does not show that the provisions of such statute have been complied with. The

judgment of the Gibson Circuit Court approving this final report was a judgment of a court having jurisdiction of the subject-matter and of the parties, and the same is conclusive as against a collateral attack. *Bateman* v. *Miller* (1889), 118 Ind. 345, 21 N. E. 292; *Spencer* v. *Spencer* (1903), 31 Ind. App. 321, 67 N. E. 1018, 99 Am. St. Rep. 260; *Frankel* v. *Voss* (1915), 59 Ind. App. 175, 109 N. E. 55.

A power of a circuit court to decide includes the power to decide wrong, and an erroneous decision is as binding as one that is correct until set aside or corrected in a manner provided by law. *State, ex rel.* v. *Hiatt, Sheriff* (1922), 192 Ind. 154, 135 N. E. 577.

In the case of *Spencer* v. *McGonagle* (1886), 107 Ind. 410, 416, 417, 8 N. E. 266, a court of common pleas, which had jurisdiction, made an order vesting the entire estate of a deceased husband in his widow absolutely, when the statute then in force and applicable provided that it should go to the widow in trust for herself and infant children of the deceased while they remained infants or unmarried, with the remainder over to the widow. The question of the validity of the court's order was presented in a collateral proceeding concerning title to the property. It was admitted that the order and judgment of the court were erroneous, but in discussing whether it was void the Supreme Court says:

> "We think the principle contended for by the appellee is a sound one, for we understand the general rule to be that where a court has general jurisdiction of a subject, its orders and judgments are not void, although they may be erroneous. Where there is an assumption of jurisdiction in a matter where there is general jurisdiction of the subject, the presumption is in favor of the authority of the court. . . . The authority to decide

at all involves the authority to decide wrong as well as right. . . . We think that the court of common pleas had general jurisdiction over the subject, and that its judgment, although erroneous, was not void. If we are correct in this, it results that the judgment, although palpably erroneous, can not be collaterally impeached."

See, also, *Grantham Realty Corp.* v. *Bowers, Jr., Tr.* (1939), 215 Ind. 672, 22 N. E. (2d) 832; *Fidelity & Cas. Co.* v. *State ex rel. Anderson* (1934), 98 Ind. App. 485, 184 N. E. 916.

The appellant filed no objections or exceptions to the final report of the coreceivers within the time prescribed by staute and its rights as a creditor have been effectively barred. So there exists no apparent basis for a direct attack upon the judgment of the court below approving the final report of the coreceivers.

The judgment is affirmed.

NOTE.—Reported in 44 N. E. (2d) 506.