ARTHUR JOHNSON ET UX. *v.* DESMOND JACKSON ET AL.

[No. 472A167. Filed June 30, 1972.]

644

*George F. Stevens, Stevens, Wampler, Travis & Fortin,* of Plymouth, for appellant.

*Brooks C. Pinnick, Rockhill, Kennedy, Pinnick, Sand and Bent,* of Warsaw, for appellee.

STATON, J.—This is an appeal from an order which sustained the objection of Mildred Jackson to the receiver's final account and petition for authority to make distribution. The receiver had previously filed his account of credits and charges on April 15, 1970. This accounting was approved by the trial court on June 4, 1971. On October 2, 1971, the receiver filed his final account and petition for authority to make distribution. Mildred Jackson filed her objection to the final account on October 14, 1971 which is as follows:

"Comes now Mildred Jackson and objects to Receiver's final account and petition for authority to make distribution herein for the reason that the Receiver proposes to make distribution of 49% of the assets remaining on hand to Desmond Jackson.

"Your objector would show to the Court that the 49% available for distribution after the distribution to Arthur Johnson is held jointly by this objector and Desmond Jackson. Accordingly, the Receiver should make distribution to this objector of her share of the 49% which the Receiver proposes to distribute to said Desmond Jackson.

"WHEREFORE, your objector respectfully prays that the Receiver herein be ordered to distribute to this objector her proportionate share of the assets on hand for distribution."

The objection of Mildred Jackson was sustained by the trial court and the following entry was made:

"Come now the parties in court and by counsel and argument is now submitted on the objections to the receiver's final account filed by Mildred Jackson.

"The Court now sustains said objection and the Receiver is ordered to amend his final accounting to pay 49% of the

net balance remaining in his hands to Desmond Jackson and Mildred Jackson in equal shares.

"Said final accounting subject to said amendment is now approved and distribution is ordered accordingly.

/S/ _____

FREDERICK E. RAKESTRAW,
SPECIAL JUDGE"

Arthur Johnson and Beverly Johnson filed their motion to correct errors on January 7, 1972. Their brief raises the following questions on appeal:

ERROR ISSUE NO. ONE (1) : The order of June 4, 1971 was a final order and could not be modified at a later date.

ERROR ISSUE NO. TWO (2) : The order amending the final accounting was contrary to law.

In our opinion that follows, we hold that the trial court's order was not a final order and that the order was not contrary to law.

STATEMENT OF FACTS: Desmond Jackson and Mildred Jackson held 49% of the common stock in N & J Auto Sales, Inc. as husband and wife with right of survivorship. Desmond Jackson had given Arthur Johnson a promissory note for the stock. Arthur Johnson and Beverly Johnson held 51% of the common stock in N & J Auto Sales, Inc. as husband and wife with right of survivorship. Desmond Jackson and Mildred Jackson filed an action which requested *inter alia* an accounting and receivership. Edwin Pratt was appointed receiver. Arthur Johnson brought suit and obtained a judgment against Desmond Jackson upon the promissory note for the purchase of 49% of the common stock in the Kosciusko Circuit Court under Cause No. 30722. This judgment remained unsatisfied during the receivership proceedings.

The receiver filed his account of all charges and credits with the court on April 15, 1970. Thereafter, the trial court made its findings which approved the accounting and ordered the receiver to proceed in terminating the receivership in ac-

cordance with the findings. It is finding number eight (8) of which the Johnsons complain:

"8. The Court further finds that the defendant, Arthur Johnson, has a judgment against the plaintiff, Desmond Jackson, rendered in Cause Number 30722, in the Kosciusko Circuit Court. In the event that said judgment is not yet satisfied, the Court finds that any sums coming to said Desmond Jackson as a result of the distribution from the receivership should be applied toward said judgment until said judgment is paid."

* * *

"The Receiver is further directed to pay the judgment rendered in this Court in Cause No. 30722 out of any assets which will be payable to Desmond Jackson under the terms of this order if said judgment has not been paid. In the event that there is more money payable to Desmond Jackson than the amount of said judgment, the excess of said money available shall be paid directly to said Desmond Jackson.

"The Receiver is further directed to file his report showing that the terms of this order have been complied with and showing the distribution of funds in compliance with this order.

Dated June 4, 1971

/S/ F. E. Rakestraw
Special Judge, Kosciusko
Circuit Court"

The receiver filed his final account and petition for authority to make distribution on October 2, 1971 to which Mildred Jackson filed her objection. The objection was sustained.

ERROR ISSUE NO. ONE (1): *That the order of June 4, 1971 was a final order and could not be modified at a later date.* The basic premise of the Johnsons' argument is that:

". . . [T]he order entered on June 4, 1971 was a final order not appealed from and was a correct and binding order and could not be changed and modified at a later date by the trial court."

The Johnsons conclude in their argument that:

"The final accounting of the receiver and his petition for authority to make distribution was a ministerial act carry-

ing out the order of the trial court and was not subject to objections so long as the receiver carried out the court order, . . ."

The Johnsons' argument may be summarized as follows:

1. The trial court's prior order was final.
2. All acts required by the receiver and the court thereafter were ministerial.
3. Therefore, the trial court had no power to amend its prior order which fixed the parties' rights to distribution.

We cannot agree with this argument. The Johnsons have ignored the guidelines set forth in IC 1971, 34-2-7-1; Ind. Ann. Stat. § 3-2616 (Burns 1968) which provides:

"Hereafter, in all receiverships now pending or hereafter begun in any court, the receiver, within such time as may be fixed by *an order of the court* . . . shall file with the court an account . . . in . . . final settlement of the liquidation or receivership proceedings, . . ." (Our emphasis).

The trial court's order dated June 4, 1971 complied with this provision of the statute. There is nothing in the statute which indicates that all further proceedings or acts by the receiver and the court are ministerial. To the contrary, this statute further provides:

". . . not less than thirty [30] days from the date of the filing of such account or report, . . . *any* creditor, shareholder or other interested party may file objections or exceptions in writing to such account or report . . ." (Our emphasis).

The receiver's final account and petition for authority to make distribution was filed on October 2, 1971. Mildred Jackson filed her objection to the final account and proposed distribution on October 14, 1971. The same statute controls the action to be taken by the trial court upon such an objection and provides:

". . . the court shall, without delay, proceed with the hearing and determination of such objections or exceptions, and

*pass* upon such account or report, and order the payment of a partial or final dividend, . . . *and make such other appropriate orders thereon as the circumstances may require: . . ."* (Our emphasis).

There is no merit to the assertion that, ". . . such other appropriate orders . . ." of the trial court are ministerial. These orders determine the merits of the objections or exceptions to the final accounting and are binding upon the parties.

This court defined "final judgment" in *State ex rel. Unemployment Compensation Board* v. *Burton* (1942), 112 Ind. App. 268, 274, 44 N. E. 2d 506, 508:

> "A final judgment is one that disposes of a cause both as to the subject-matter and the parties so far as the court has power to dispose of it. An interlocutory order is one which does not so dispose of the cause but reserves or leaves some question or direction for future determination. *Ind. Nat. Bk. of Indianapolis* v. *Danner, Rec.* (1930), 204 Ind. 709, 170 N. E. 327."

The trial court is given express power to make such "other appropriate orders thereon as the circumstances may require" when objections have been filed and heard on the merits by the court. Viewing the trial court's June 4, 1971 order in the light of the statute's mandatory language, it becomes directive in nature. The final accounting and proposed distribution submitted by the receiver on October 2, 1971 was not completely at rest. It was approaching finality but had not yet arrived. The statute necessarily controlled its destiny. The June 4, 1971 order could not change its directive nature to that of a final judgment. *Richards* v. *Crown Point Community School Corp.* (1971), 256 Ind. 347, 269 N. E. 2d 5.

ERROR ISSUE NO. TWO (2): *That the order amending the final accounting was contrary to law.* The personal loan to Desmond Jackson to purchase common stock does not involve the Domestic Corporations Acts, IC 1971, 23-1-2-1 *et seq.*; Ind. Ann. Stat. § 25-201 *et seq.* (Burns 1970). Finding no. eight (8) of the trial court's order of June 4, 1971 only

reveals that there was ". . . a judgment against the plaintiff, Desmond Jackson, rendered in Cause No. 30722, in the Kosciusko Circuit Court." This judgment is not made a part of the record. The Johnsons state in their brief that the "judgment secured by Arthur Johnson against Desmond Jackson . . . [is] based upon the unpaid balance due on *a note given by Desmond Jackson to Arthur Johnson for the purchase of the shares of stock* standing in the name of Desmond Jackson and Mildred Jackson, husband and wife, with the right of survivorship." Neither the stock certificates or the note are in the record before us.

The Johnsons are contending that they have an implied vendor's lien. Unfortunately, vendor's liens apply only to real property. *Old First National Bank & Trust Co. of Fort Wayne* v. *Scheuman* (1938), 214 Ind. 652, 670, 13 N. E. 2d 551; *Macbeth* v. *Benninghoff* (1941), 108 Ind. App. 652, 660, 31 N. E. 2d 665; R. Townsend, *Securities and Creditor's Rights,* at 115. Stocks are personal property and liens upon such instruments are perfected according to the terms of the Uniform Commercial Code. IC 1971, 26-1-9-203; Ind. Ann. Stat. § 19-9-203 (Burns 1964). So many important details are left out of the record that it would be exceedingly precarious to attempt an opinion upon the propriety of Judge Rakestraw's ruling upon this matter without speculation. By the Johnsons' failure to present an adequate record, this specification of error is waived. *United States ex rel. Smith* v. *Moore* (1945), 223 Ind. 455, 61 N. E. 2d 461.

We hold that the June 4, 1971 order of the trial court was not a final judgment which could not be modified at a later date and that the subsequent order of the trial court sustaining the objection to the final account and proposed distribution was not contrary to law. Therefore, the judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported in 284 N. E. 2d 530.