No. 13,274.

## SPEAR v. WHITSETT.

VERDICT.—*Evidence.*—*Supreme Court.*—*Practice.*—The verdict of a jury, which has met the approval of the trial court, will not be disturbed by the Supreme Court on the evidence, unless the record shows an absolute failure of evidence on some material point.

From the Scott Circuit Court.

*W. K. Marshall* and *A. N. Munden,* for appellant.

*C. B. Harrod,* for appellee.

HOWK, J.—This was a suit by appellant, Spear, as plaintiff, against appellee, Surelda C. Whitsett and one Lemuel E. Whitsett, as defendants, on a promissory note for $200, dated May 13th, 1884, purporting to have been executed by defendants, payable twelve months after date to the order of one Cassilda Laraway, and endorsed by her, as alleged, to plaintiff herein.

In his complaint, plaintiff averred that said note was due and wholly unpaid, and demanded judgment, etc. Summons was returned by the sheriff that defendant Lemuel E. Whitsett was "not found," and he went out of the case. Defendant Surelda C. Whitsett appeared and answered in six paragraphs, of which the first was a general denial of the complaint; in the sixth paragraph she denied, under oath, her execution of the note in suit, and the other paragraphs of her answer were special or affirmative defences. Afterwards said defendant filed additional seventh and eighth paragraphs of her answer; and plaintiff replied by a general denial to the second, third, sixth, seventh and eighth paragraphs of defendant's answer. The issues joined were tried by a jury, and a verdict was returned for said defendant, and thereon the court rendered judgment that plaintiff take nothing by his suit herein, and that defendant recover of him her costs taxed, etc. Plaintiff's motion for a new trial having been

overruled by the court, he has appealed from the judgment below to this court, and has here assigned as the only error of which he complains the overruling of his motion for such new trial.

In his motion the only causes for a new trial assigned by plaintiff were (1) that the verdict of the jury was contrary to the evidence, (2) that the verdict of the jury was not supported by the evidence, and (3) that the verdict of the jury was contrary to law and the evidence.

It is manifest from these causes for a new trial that the question, and the only question, presented for our decision by the record of this action and the error assigned thereon, may be thus stated : Is there legal evidence in the record now before us which fairly sustains, or tends to sustain, the verdict of the jury on every material point ? If this question must be answered in the affirmative, as we think it must, the judgment below, under many decisions of this court, must be affirmed.

This court will not weigh the evidence, nor attempt to determine its preponderance either for or against the verdict of a jury or the finding of a trial court. The credibility of witnesses, and the proper weight to be given to the testimony of each witness, are matters for the consideration of the jury and the trial court. It may be regarded as settled by our decisions that the verdict of a jury, which has met the approval of the trial court, will not be disturbed here on the evidence merely, unless the record shows an absolute failure of evidence on some material point. *Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73 ; *Cornelius* v. *Coughlin*, 86 Ind. 461 ; *Beck* v. *Bundy*, 92 Ind. 145 ; *Ketcham* v. *Barbour*, 102 Ind. 576 ; *Allyn* v. *Allyn*, 108 Ind. 327 ; *Campbell* v. *Indianapolis, etc., R. R. Co.*, 110 Ind. 490 ; *Kopelke* v. *Kopelke*, 112 Ind. 435.

In the case under consideration, defendant was a witness on the trial in her own behalf. Her testimony was clear,

positive and unequivocal, in support of two of the paragraphs. of her answer, namely, (1) that the note in suit was given without any consideration whatever, and (2) her plea of *non est factum.*

If the jury believed her testimony in preference to other conflicting evidence (and this it was competent for the jury to do), it is easy to see how and why they arrived at their verdict, and it can not be correctly said that such verdict was not fairly sustained by the evidence.

Our conclusion is, therefore, that the court did not err in overruling plaintiff's motion for a new trial herein.

The judgment is affirmed, with costs.

Filed June 13, 1888.