In re the VISITATION OF J.O.

No. 1–582A118.

Court of Appeals of Indiana,
First District.

Nov. 23, 1982.

---

Samuel S. Shapiro, Applegate & Shapiro, Bloomington, for appellant.

Richard S. Harrison, Cotner, Mann & Chapman, Bloomington, for appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Petitioner-appellant A.O. (Grandmother) appeals a summary judgment entered in the Monroe Superior Court in favor of respondent-appellee K.O. (Mother) upon the Grandmother's petition for grandparent visitation rights with her grandson, J.O. (Child).

We affirm.

## STATEMENT OF THE FACTS

The Child was born September 26, 1976, to the Mother during her marriage to C.R. (Husband). At the time the Child was conceived, the Husband was stationed with the United States Marine Corps in California. During that time, the Husband was never in the presence of the Mother. By affidavit, the Mother alleged that the natural father of the Child is one J.M., who often was observed in the company of the Mother at the time the Child was conceived. The Grandmother testified that the Mother was seeing J.M. during the time she conceived the Child and the Mother had told her that J.M. was the Child's natural father. When the Child was born, the Husband and Mother were in the process of divorce.

In his signed petition for dissolution of the marriage the Husband stated that no children were born of the marriage and no children were expected. The divorce decree established the same. After his birth, the Child lived with the Mother and Grandmother for nearly three years. For personal reasons, the Mother and Child then moved out of the Grandmother's house and the Mother did not permit the Grandmother to visit with the Child. As a result, the Grandmother petitioned the court to grant her visitation with the Child. Following a

hearing on the Mother's motion to dismiss, the trial court granted a summary judgment in favor of the Mother, finding that the Grandmother did not meet either of the two criteria set forth under Ind.Code 31–1–11.7–2 (the Grandparent's Visitation Statute) which provides as follows:

"A child's maternal or paternal grandparent may seek visitation rights if:

(1) the child's father or mother is deceased; or

(2) the marriage of the child's parents has been dissolved."

■ Shortly after this appeal was fully briefed, the parties filed a "Joint Report" signed by the petitioner and respondent in this cause and their attorneys. In pertinent part, the Joint Report stated the following:

"(3) That at the present time the parties have resolved their family differences such that the Appellant, [A.O.], is enjoying visitation with her daughter and her grandson, which visitation is the subject matter of this appeal.

(4) That on the 20th day of July, 1982, the day following the filing of the Appellee's Brief, the Appellee notified her attorney that she was withdrawing her authority to defend this appeal, because of said reconciliation.

(5) That the Appellant desires and intends to complete the appeal process in order to resolve any issues remaining herein, since the ruling of the trial court could have a potential res judicata effect in the event the Appellant would later wish to secure visitation rights if the same were again denied her." [1]

ISSUES

The Grandmother presents the following issue for review:

"Whether the Monroe County Superior Court erred by granting the appellee's Motion for Summary Judgment based upon the determination that said court lacked jurisdiction to decide the merits of the maternal grandmother's petition for visitation."

DISCUSSION AND DECISION

■ Upon review of a motion for summary judgment, the Court of Appeals is constrained by the same standard as the trial court. Summary judgment may be granted only if all the material on file shows that there was no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Carrell v. Ellingwood*, (1981) Ind.App., 423 N.E.2d 630. In reviewing the propriety of a summary judgment, the facts alleged by the party opposing the motion must be taken as true. *Boswell v. Lyon*, (1980) Ind. App., 401 N.E.2d 735.

The Grandmother first argues that the trial court erred in granting summary judgment upon the determination that it lacked jurisdiction to decide whether the Grandmother should be awarded visitation rights with the minor Child. The Grandmother further argues that the trial court seems to have confused jurisdiction with standing. On that point, we agree. Upon reading the trial court's findings of fact and conclusions of law, it is apparent the trial court found that the Grandmother was not a party protected by the Grandparent's Visitation Statute. In pertinent part, the trial court's conclusion of law read as follows:

"IC31–1–11.7–2 provides that a grandparent may seek a court's order authorizing visitation if the parent of that child is

1. Ordinarily the existence of an actual controversy is an essential requisite to appellate jurisdiction, *Smith v. American National Bank of Indianapolis*, (1948) 118 Ind.App. 413, 78 N.E.2d 874, since appeals are not allowed for purposes of settling abstract questions, but only to correct errors injuriously affecting the appellant. *State ex rel. Unemployment Com-*

*pensation Board, etc. v. Burton*, (1942) 112 Ind. App. 268, 44 N.E.2d 506. However, we do not consider moot the question of whether the trial court lacked jurisdiction to entertain the Grandmother's petition even though, presently, she is enjoying visitation with the Child. Therefore, we shall review this appeal.

deceased or the marriage in which that child was born was dissolved. Had it been the intent of the legislature to also include in said section children born out of wedlock, they could have so included it. But the situation found above does not fall under the parameters of the statute and as such this Court is not permitted to determine the merits of this cause and determines that the Motion for Summary Judgment should be sustained."

■ Obviously, the trial court had jurisdiction over both the person and subject matter of this action. Ind.Code 31–1–11.-7–6 provides:

"A grandparent seeking visitation rights shall file a petition requesting reasonable visitation rights, either:

(1) in a circuit or superior court of the county in which the child resides, in the case described in section 2(a); or

(2) in the court having jurisdiction over the dissolution of the parents' marriage, in the case described in section 2(b)."

The Monroe Superior Court is the superior court of the county in which the Child resides and is the court having jurisdiction over the dissolution of the Mother's marriage.

The Grandmother next argues that the trial court defeated the intention of the legislature by concluding that she was not a party whose interests are protected under the Grandparent's Visitation Statute. Furthermore, the Grandmother asserts that that statute is a codification of a grandparent's right to seek visitation with a grandchild as developed under two Indiana cases: *Krieg v. Glassburn,* (1981) Ind.App., 419 N.E.2d 1015; and *Collins v. Gilbreath,* (1980) Ind.App., 403 N.E.2d 921.

Prior to the enactment of the Grandparent's Visitation Statute, *Collins* and *Krieg* were two cases which discussed third-party visitation rights. In *Collins,* the father and mother produced three children, then later divorced and both remarried. The mother was awarded custody of the children and subsequently committed suicide. The father then brought a habeas corpus action to regain custody of his children from the stepfather. First, the court in *Collins* noted that Ind.Code 31–1–11.5–24, the visitation statute, grants a parent the right of reasonable visitation, but is silent on the existence of such rights for nonparents. Upon concluding that the statute does not exclude visitation rights of third parties, the court found that the trial court had properly granted visitation rights to the stepfather since the stepfather provided a necessary transition to the children's new life with their natural father, who regained custody of the children. Upon so holding, the *Collins* court cautioned with these words:

"In so holding we do not intend to diminish the rights of a natural parent concerning his or her minor children. Nor do we intend to open the door and permit the granting of visitation rights to a myriad of unrelated third persons, including grandparents,[1] who happen to feel affection for a child. Our decision is explicitly limited to the type of factual situation presented by this case, i.e., where the party seeking visitation has acted in a custodial and parental capacity. *Simpson v. Simpson,* (1979) Ky., 586 S.W.2d 33 (stepmother who had cared for child from 16 months to 6 years old should not be denied visitation); *Looper v. McManus,* (1978) Okl.App., 581 P.2d 487 (grandparents and stepmother who were 'surrogate parents' for years granted visitation).

[1] A number of jurisdictions have statutes permitting grandparents the right to request visitation. *E.g.,* N.Y. Domestic Relations Law § 72 (1977); Okl.Stat. tit. 10, § 5 (1975). If such a policy were to be adopted in Indiana we believe the adoption should occur in a legislative, not judicial, forum."

403 N.E.2d at 923–4.

In *Krieg,* the maternal grandparents sought to intervene and join as parties to a custody proceeding supplemental to their daughter's divorce for the purpose of obtaining visitation with their two minor grandchildren. Also, the natural father's second wife filed a petition to adopt the children, seeking to terminate the natural mother's paternal rights. Upon reversing

the trial court's denial of visitation, the *Krieg* court said:

"Grandparents may be awarded visitation rights by overcoming the parent's prima facie rights with a proper showing that such visitation is in the child's best interest. The burden of proof upon the grandparents will increase as the amount of time sought and the type of visitation become more custodial."

419 N.E.2d at 1019.

 We note that *Collins* and *Krieg* are both cases involving the dissolution of the marriage of the children's parents. In *Collins,* the children's mother is deceased while in *Krieg* the mother's parental rights are in jeopardy. In contrast, the natural father and mother of the Child in the present case are both alive and not divorced as they have never been married. Not even the noncustodial parent of the Child would have a right of action for visitation under the dissolution statute since there has been no marriage of the Child's natural parents. Ind.Code 31–1–11.5–24.

*Collins* and *Krieg* are not dispositive since the rulings therein both contemplate the existence of a marriage of the child's parents. Furthermore, the parties seeking visitation rights in *Collins* and *Krieg* were from the noncustodial side of the family and required judicial intervention to protect their visitation rights. In the case at bar, there is *no* marriage of the Child's parents and the party seeking visitation is the maternal grandmother of the Child, whose mother is the custodial parent. Clearly this fact situation goes beyond the scope of *Collins* and *Krieg* where the parents of the children were married, which permitted the court to consider third-party visitation rights pursuant to the divorce statute.

Turning to the Grandparent's Visitation Statute,[2] we first note that this statute is a recent enactment and has not been interpreted by any Indiana appellate court. Under Ind.Code 31–1–11.7–2 a child's grandparent's right to seek visitation is limited to the following two instances: 1) the child's father or mother is deceased, or 2) the marriage of the child's parents has been dissolved. The clear intent of the legislature is to limit when a grandparent may seek visitation rights through judicial intervention to the above two instances. The Grandparent's Visitation Statute is not a codification of a grandparent's right to seek visitation under *any* circumstances as the Grandmother here argues.

 As a court, we are constrained to uphold the plain meaning of the statute and to carry out the true intent of the legislature. *Thompson v. Thompson,* (1972) 259 Ind. 266, 286 N.E.2d 657; *In the Matter of the Estate of Wisely,* (1980) Ind.App., 402 N.E.2d 14. We hold that the Grandparent's Visitation Statute limits third-party grandparents seeking visitation rights to the above-described two instances, and that the facts at bar go beyond the scope of Ind. Code 31–1–11.7–2 since the statute contemplates the existence of a marriage between the child's parents. "Child" means

"a child or children of both parties to the marriage and includes children born out of wedlock to such parties as well as children born or adopted during the marriage of such parties."

Ind.Code 31–1–11.5–2. The Child at bar is not born of a marriage and his parents are not yet married. Plainly, the statute does not apply since the Child's parents were never married. Courts are not the proper forum for all inter-family disputes and we shall not open the doors of the court to resolve such personal problems as do not come within the statute relied upon. Therefore, the trial court was correct in granting summary judgment in favor of the Mother.

Judgment affirmed.

RATLIFF, P.J., and ROBERTSON, J., concur.

---

2. Ind.Code 31–1–11.7–1 *et seq.* (the Grandparent's Visitation Statute) was approved on April 27, 1981 by Acts 1981, P.L. 265, Sec. I, eff. date September 1, 1981.