In the Matter of the GUARDIANSHIP
OF Amanda Sue GREEN.

Sue Ann GREEN, Appellant,

v.

Cindy Marie GREEN, Appellee.

No. 44A03–8801–CV–00019.

Court of Appeals of Indiana,
Third District.

July 20, 1988.

Tim J. Cain, Eberhard & Cain, P.C., La-
Grange, for appellant.

Richard K. Muntz, Muntz & Vanderbeck,
P.C., LaGrange, for appellee.

STATON, Judge.

Sue Ann Green (Grandmother) appeals
the trial judge's order terminating her
guardianship of Amanda Sue Green
(Grandchild) and terminating her visitation
rights. This appeal raises four issues
which we restate as:

1) Whether the trial judge abused his
   discretion when he terminated the
   guardianship?

2) Whether the trial judge abused his
   discretion when he terminated the visi-
   tation rights?

3) Whether a minor parent may consent
   to the establishment of a guardian-
   ship?

4) Whether the termination of the guard-
   ianship was a final appealable order? [1]

We affirm.

Cindy Marie Green (Mother) gave birth
to the Grandchild on October 20, 1984. Be-
cause the Mother was only 17 years of age
at the time, she filed a Petition for Appoint-
ment of Guardian for the Grandchild. La-
ter, the maternal Grandmother was ap-
pointed as guardian. On November 25,
1985, after reaching the age of 18, the
Mother filed a Petition for Termination of
Guardianship. After an evidentiary hear-
ing and the review of home studies, the
trial judge entered an order on October 30,
1986, terminating the guardianship and

---

1. Because of our disposition of this issue, we    need not discuss issues # 1 and 3.

granting the Grandmother visitation with the Grandchild.

Visitation between the Grandmother and Grandchild occurred regularly until August 7, 1987. At that point, the Grandmother filed a Verified Petition for Rule to Show Cause. The trial judge granted the petition and ordered the Mother to appear and show cause why she should not be held in contempt for violating the visitation order. The hearing was held on October 5, 1987, and the trial judge took the matter under advisement. The Mother filed a Motion to Terminate Visitation Order. The motion was granted on October 6, 1987, and this appeal followed.

## I.

### Final Order

Initially, we must determine whether the October 30, 1986 order terminating the guardianship and granting visitation rights was a final appealable order. In her Response to Motion to Correct Errors, the Mother argued that the order was final and because the Grandmother's Motion to Correct Error was not timely filed the issues concerning the guardianship were not properly before the court. On appeal, the Grandmother argues that the order was not a final order subject to appeal.

A motion to correct errors must be filed within 60 days after the entry of the judgment. *Matter of Adoption of H.S.* (1985), Ind.App., 483 N.E.2d 777, 779. Timely filing is a jurisdictional act and is an absolute precondition to appeal. *Id.* at 780. Generally, a final judgment is one which disposes of all of the issues as to all the parties and puts an end to the matter in question. *Lipginski v. Lipginski* (1985),

Ind.App., 476 N.E.2d 924, 926. The Grandmother argues that the order did not put an end to the matter in question because after judgment had been entered the Mother filed a Notice of Improper Entry asserting that the trial judge was without jurisdiction to order visitation. We fail to see how this is relevant to the question whether the order was a final judgment.[2] The order disposed of the issue of guardianship by terminating it, but allowing visitation. Nothing was left to be done respecting the parties rights. Consequently, we conclude that the order terminating the guardianship and granting visitation rights was a final appealable order. Because the Grandmother did not file a timely Motion to Correct Errors regarding the guardianship termination, whether the termination was proper is not an issue which we may review.

The Grandmother anticipated this conclusion and requests that we exercise our discretionary power to review the termination order on its merits. We decline to do so. The facts and circumstances of this case do not warrant such exceptional review.

## II.

### Visitation

The Grandmother raises the issue whether the trial judge abused his discretion in terminating her visitation rights. The trial judge set aside the order granting visitation, relying on *In re Visitation of J.O.* (1982), Ind.App., 441 N.E.2d 991, to determine that the order was voidable for lack of jurisdiction. In that case, the First District held that the Grandparent's Visitation Statute[3] limits when a grandparent may

2. Indeed, in her Response to the Mother's Notice, the Grandmother suggested that the Mother could have appealed the order if she questioned the trial judge's jurisdiction to grant visitation.

3. I.C. 31-1-11.7-2 provides:
Sec. 2. (a) A child's maternal grandparent may seek visitation rights if:
(1) the child's mother is deceased; or
(2) the marriage of the child's parents has been dissolved in Indiana.
(b) a child's paternal grandparent may seek visitation rights if:

(1) the child's father is deceased; or
(2) the marriage of the child's parents has been dissolved in Indiana.
(c) If the marriage of the child's parents has been dissolved in another state, the child's maternal or paternal grandparent may seek visitation rights if:
(1) the custody decree rendered in the action for dissolution of marriage does not bind the grandparent under IC 31-1-11.6-12; and
(2) an Indiana court would have jurisdiction under IC 31-1-11.6-3 or IC 31-1-11.6-14 to

seek visitation rights to the instances cited in the statute. The Court concluded that because the child had not been born of a marriage and his parents were never married, the statute did not apply and the grandparents were not entitled to visitation under the statute. *Id.* at 994.

As in the *J.O.* case, the Grandchild in the present case was born out of wedlock and her parents never married. The Grandmother argues, though that *J.O.* should not apply here because she did not seek visitation rights under the statute. She relies instead on the common law rights established in *Krieg v. Glassburn* (1981), Ind. App., 419 N.E.2d 1015 and *Collins v. Gilbreath* (1980), Ind.App., 403 N.E.2d 921. Whether the Grandmother has a right to seek visitation outside the limitations of the statute has been answered negatively in recent dictum. In *Tinsley v. Plummer* (1988), Ind.App., 519 N.E.2d 752, the Second District was faced with the issue whether the mother's aunt and uncle had a cognizable right to seek visitation with the child after the mother died. As the starting point, Judge Shields pointed out that the courts, rather than the legislature, recognized visitation rights in third parties, citing *Collins, supra,* (step-father, who had acted in a custodial and parental capacity had a right to seek visitation) and *Krieg, supra,* (grandparents had a right to seek visitation.) *Tinsley, supra,* at 753.

The legislature responded by enacting IC 31–1–11.7–2 (see footnote 3), and the courts have enforced the statutory limitations. *See Matter of Meek* (1983), Ind.App., 443 N.E.2d 890 (maternal grandmother not entitled to court ordered visitation with her granddaughter because the parents were alive and their marriage intact); *In re J.O., supra.* Furthermore,

> [l]egislative reaction to judicial decisions enforcing the statute was prompt. The 1985 amendment providing visitation rights survive adoption by a stepparent ensued following the decision in *In re Visitation of Menzie* (1984), Ind.App.,

469 N.E.2d 1225, *appeal after remand* (1987) 505 N.E.2d 126. There, the court held adoption of the grandchild by a stepparent terminated grandparental visitation rights previously granted.

Thus, we agree with Judge Shields' conclusion that

> our decisions hold the enactment of the grandparental visitation statute provides the only circumstances in which a grandparent may seek visitation rights with a grandchild.... [T]he legislature ... left the development of the law on the rights of parties, *other than parents and grandparents,* to the sound discretion of the courts.

*Id.* (Our emphasis.)

■ Thus, we reject the Grandmother's argument that she has a common law right to seek visitation and hold that because the facts of this case do not meet the requirements of the statute, the trial judge correctly set aside the visitation order.

### III.

### *Attorney Fees*

In Appellee's Brief, the Mother asks that we award attorney's fees to her because this appeal is frivolous.

> [P]unitive sanctions may not be imposed to punish lack of merit unless an appellant's contentions and argument are utterly devoid of all plausibility.

*Orr v. Turco Mfg. Co., Inc.* (1987), Ind., 512 N.E.2d 151, 153 (footnote omitted). We cannot conclude that the Grandmother's argument concerning her visitation rights is utterly devoid of all plausibility even though we found it to be meritless. Thus, we decline to award attorney fees.

Affirmed.

SHIELDS, P.J., and HOFFMAN, J., concur.

---

grant visitation rights to the grandparent in a modification decree.

(d) Visitation rights provided for in subsection (a), (b), or (c) survive the adoption of the child by a stepparent.