**Lynn CANTU, Appellant (Respondent Below),**

v.

**Rosie P. CANTU, Appellee (Petitioner Below).**

No. 71A03–9006–CV–230.

Court of Appeals of Indiana, Third District.

Nov. 20, 1990.

Anne E. Crowson, Legal Services Program of Northern Indiana, Inc., South Bend, for appellant.

STATON, Judge.

Lynn Cantu appeals a court order granting visitation privileges to her children's paternal grandmother. She presents the following issues for our review:

I. Are grandparental visitation privileges limited to those established by statute?

II. Did the trial court erroneously grant visitation privileges to Rosie Cantu?

III. Did the trial court erroneously fail to set the matter for a subsequent evidentiary hearing?

Reversed.

On August 22, 1989, Benjamin Cantu, Jr., who is incarcerated in the Medaryville Youth Camp, filed a petition for dissolution of his marriage to Lynn Cantu. He requested visitation with the couple's children, aged 5 and 2. On January 3, 1990, Benjamin's mother, Rosie Cantu, filed her petition for visitation. At a hearing held on February 5, 1990, Rosie's petition for visitation was granted. The specified dates and times of visitation were to correspond to visitation opportunities at the Medaryville Youth Camp.

## I.

### Statutory Limitations

■ Lynn initially argues that grandparental visitation privileges may be court ordered only in compliance with the provisions of IC 31–1–11.7–2.

IC 31–1–11.7–2 provides that visitation may be sought by a paternal grandparent if (1) the child's father is deceased; (2) the marriage of the child's parents has been dissolved in Indiana; (3) the child was born out of wedlock and the paternity of the child has been established in the son of the grandparent; or (4) the marriage of the child's parents was dissolved in another state under specified conditions.

Lynn insists that the existence of one of the statutory criteria is an absolute prerequisite to a court order for grandparental visitation, relying upon *Matter of Guardianship of Green* (1988), Ind.App., 525 N.E.2d 634. In *Green,* a grandmother who failed to satisfy the relevant statutory criteria attempted to assert a common law right to visit her grandchild. In rejecting her claim, the court clearly established that the only circumstances in which a grandparent may seek visitation rights are those enumerated in the grandparental visitation statute. *Id.* at 636. *See, also, Tinsley v. Plummer* (1988), Ind.App., 519 N.E.2d 752, 754; *Matter of Meek* (1983), Ind.App., 443 N.E.2d 890, 891; *In re Visitation of J.O.* (1982), Ind.App., 441 N.E.2d 991, 995.

## II.

### Granting of Visitation

■ Lynn maintains that none of the statutory criteria were demonstrated at the visitation hearing and that her motion to dismiss should have been granted. Rosie has filed no brief in response. We will therefore reverse if Lynn demonstrates that prima facie error occurred. *Johnson County Rural Electric v. Burnell* (1985), Ind.App., 484 N.E.2d 989, 991.

■ Lynn asserts that, although her husband has filed a petition for dissolution and she has taken no action to oppose his petition, said petition has not been granted. The record indicates that Benjamin's petition was pending as of the February 5, 1990 visitation hearing.

Rosie's petition for visitation indicated that her son was "in the process" of a marital dissolution. She presented no evidence that Benjamin was deceased, that either of the children with whom visitation was sought was born out of wedlock, or that Benjamin's marriage to Lynn was legally dissolved. No statutory prerequisite to a grandparental visitation order was established; therefore, the trial court's granting of visitation privileges was erroneous.

## III.

### Request for Evidentiary Hearing

Lastly, Lynn argues that the trial court erroneously failed to grant her petition for a continuance and full evidentiary hearing. She contends that she was denied the opportunity to present evidence concerning the best interests of her children.

Our examination of this allegation of error has been rendered unnecessary, inasmuch as the disposition of the preceding issues requires the reversal of the existing visitation order.

Reversed.

HOFFMAN, P.J., and SULLIVAN, J., concur.