**Silas L. LOCKHART and Joyce Lockhart, Appellants– Plaintiffs,**

v.

**Silas G. LOCKHART and Debrah J. Jones, Appellees–Respondents.**

No. 10A04–9201–CV–28.

Court of Appeals of Indiana, Fourth District.

Nov. 18, 1992.

Joan B. Henderson, Jeffersonville, for appellants-plaintiffs.

John F. Dietrich, Scottsburg, for appellees-respondents.

CHEZEM, Judge.

## Case Summary

Plaintiffs–Appellants, Silas L. and Joyce Lockhart ("Grandparents"), appeal the dismissal of their petition for grandparent visitation filed against Silas G. Lockhart ("Father") and Debrah Jones ("Mother"). We affirm.

## Issues

Grandparents present three issues for review which we restate as follows:

1. Whether Indiana's Grandparent Visitation Rights Act violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and Article I, § 23 of the Indiana Constitution.

2. Whether Grandparents, whose son was awarded joint custody and primary physical custody of his minor child, have standing to bring suit for visitation under Ind.Code § 31–1–11.7.

3. Whether Grandparents may circumvent the requirements for visitation under IC § 31–1–11.7–2 and gain standing to bring suit for visitation under IC § 31–1–11.7–3.

## Facts and Procedural History

Father was granted joint custody of Jeffery Lockhart, ("Grandson") with Mother following their divorce. Primary physical custody of Grandson was awarded to Father. Subsequently, Father denied Grandparents visitation privileges. Grandparents then filed a Petition for Visitation or in the Alternative Petition for Change of Custody. The trial court granted Father's and Mother's Motion to Dismiss.

## Discussion and Decision

### I

We must decide whether the Grandparent Visitation Rights Act ("Act") violates federal and state equal protection clauses. Grandparents claim that the statute creates two classes of grandparents:

(a) A court may not grant visitation under this chapter after May 9, 1989 to a grandparent who is the parent of a person:

(1) who is not deceased; and

(2) who has been awarded custody of the grandchild.

IC § 31–1–11.7–2. One class of grandparents may petition for visitation if their child is deceased or has not been awarded custody of the grandchild. The other class of grandparents may not gain visitation privileges if their child is living and has custody of the grandchild. Grandparents argue that because both classes of persons are grandparents, they are similarly situated. We disagree.

In most instances, a parent who has custody of a child will allow grandparent visitation. When a parent loses his or her custodial rights as a parent, that parent has a reduced right to participate in child-rearing decisions. It is precisely when one parent has less legal control over the child that the grandparent-grandchild relationship may be jeopardized. A grandparent whose child is the noncustodial parent may have difficulty obtaining visitation with the grandchild. Thus, a grandparent whose child is a noncustodial parent is not similarly situated to a grandparent whose child has custody rights.

Although the statute protects one class of grandparents, "[t]he equal protection clauses of the United States and Indiana Constitution do not preclude legislative classification so long as there is a rational and reasonable basis for the classification and so long as it bears a fair relationship to the purpose of the statute." *Geyer v. City of Logansport* (1977), 267 Ind. 334, 370 N.E.2d 333, 336. Because of the problems inherent in a situation where a grandparent's child does not have custody, there is a rational and reasonable basis for the classi-

fication. The statute is reasonably designed to protect the rights of a certain class of grandparents.

We do not allow a grandparent control over the upbringing of the grandchild over the wishes of the parent when the parents are married or their child still retains legal custody of the grandchild. It is only when the parent does not have custody that the grandparents receive legislative protection. When a married couple has children, the grandparents have no right to court-ordered visitation.

Grandparents are not afforded any additional rights under Indiana's equal privileges clause. Although early Indiana cases noted that federal cases interpreting the federal equal protection clause are not binding on the Indiana Supreme Court in making and interpreting the Indiana Constitution, but rather have only persuasive force, subsequent decisions emphasize that the federal and state equal protection guarantees are co-extensive and protect identical rights. *See Kent v. Cook* (N.D.Ind. 1986), 637 F.Supp. 1005. In the absence of a fundamental right or suspect classification, Indiana courts have used a highly deferential approach in sustaining statutes which are grounded on a rational basis. *See, e.g., Sobieralski v. City of South Bend* (1985), Ind.App., 479 N.E.2d 98, *reh. denied, trans. denied.*

■ Additionally, when drafting the Act, the legislature had to balance two competing interests: the rights of parents to raise their children as they see fit and rights of the grandparents to participate in the lives of their grandchildren. It has long been recognized in our traditions and collective conscience that parents have the right to raise their children as they see fit. Unless there is some compelling governmental interest, it is well-established that government will not intervene in private family matters. *Griswold v. Connecticut* (1965), 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510. Because privacy inheres in the concept of liberty protected by the due process clause,

it is a violation of the U.S. Constitution to infringe on parents' rights in raising their children, without a rational basis for so doing.

## II

■ We must now decide whether Grandparents, whose son was awarded joint custody and primary physical custody of Grandson, have standing to bring suit for visitation. Ind.Code § 31–1–11.7–2(a)(2) states that grandparent visitation may not be awarded to the parent of a person "[w]ho has been awarded custody of the grandchild." Because Father and Mother have joint custody, and neither have sole custody, Grandparents argue that they are entitled to visitation under the statute.

We recently noted the unambiguous nature of the language used in the Act: "The language of Subsection (a) is unambiguous. When a father is awarded custody of a child, a Court may not order grandparent visitation contrary to the wishes of the parent. Kevin [father] has not lacked avenues of obtaining custody or *joint custody.*" *In re Visitation of A.B.* (1991), Ind. App., 582 N.E.2d 913, 915 [emphasis added].[1]

Grandparents make a distinction between joint and sole custody. The distinction is not relevant to the purposes of the Act. "Joint legal custody means that the persons awarded joint custody will share authority and responsibility for the major decisions concerning the child's upbringing...." IC § 31–1–11.5–21(f). In other words, parents who are awarded joint custody maintain virtually the same legal parenting rights they had while they were married. Grandparents would not be able to transgress those rights if the couple were married and the same rationale applies when joint custody is awarded. If Father approves of visitation, he has the authority under an order of joint custody to allow it. Only if he did not have custody or joint custody would the grandparent-grandchild relationship merit protection, because

---

**1.** The grandparents sought visitation of a child born out of wedlock but whose father was living with the mother. Because the father had the opportunity to obtain custody or joint custody and did not, the grandparents were allowed visitation over his objection.

Father would have no authority to allow for visitation, even if it were his wish.

Moreover, "the only circumstances in which a grandparent may seek visitation rights are those enumerated in the grandparental visitation statute." *Cantu v. Cantu* (1990), Ind.App., 562 N.E.2d 768, 769. "Our role on appeal is to interpret and apply the statute, and absent some ambiguity, we may not substitute language which is not there." *In re A.B.,* 582 N.E.2d at 915. Joint custody is a type of custody and the legislature made no distinction. The legislature did, however, clearly distinguish between custody and no custody. We hold that for the purposes of the Grandparent Visitation Act, "joint custody" is included in the concept of "custody." Accordingly, Grandparents do not have standing to bring suit for court-ordered visitation under Section 2 of the statute.

### III

■ We must next decide whether Grandparents may circumvent the requirements for visitation under IC § 31–1–11.7–2 and gain standing to bring suit for visitation under IC § 31–1–11.7–3. Grandparents argue that the trial court, as a court of equity, should have granted them permission to present evidence that visitation was in the child's best interest. The Act allows for visitation when in the child's best interest:

(a) Visitation rights may be granted when the Court determines that it is in the best interest of the child and (b) in determining the best interest of the child under this section, the Court may consider whether a grandparent has had, or has attempted to have, meaningful contact with the child.

IC § 31–1–11.7–3.

The equitable question presented by Grandparents can be answered only after a hearing on the merits which determines the child's best interest. To obtain such a hearing, Grandparents must have standing under IC § 31–1–11.7–2. As a pure matter of law, the statute clearly requires that grandparents may not obtain visitation against the wishes of a custodial parent. Otherwise, it would be possible under IC § 31–1–11.7–3 for grandparents to gain visitation rights against the wishes of parents who remain married.

The trial court correctly determined that Grandparents were not entitled to visitation. We will not entertain equity because Grandparents have no standing to cross the threshold from law to equity.

Affirmed.

CONOVER and STATON, JJ., concur.