Frances D. HOWARD, City of Gary, and
City of Gary Street Department,
Appellants,

v.

Juanita TREVINO, Appellee.

No. 45A05–9209–CV–309.

Court of Appeals of Indiana,
Fifth District.

March 30, 1993.

Publication Ordered May 17, 1993.

Eric Oden Clark, Gary, for appellants.

Mark A. Psimos, Psimos & Psimos, Merrillville, for appellee.

SHARPNACK, Chief Judge.

The City of Gary and the Gary Street Department (hereinafter collectively "Gary") appeal the $100,000.00 judgment entered against them in the personal injury action filed by Juanita Trevino. We affirm.

The parties raise several issues for review in their respective briefs. However we need address only the following two issues in order to resolve this appeal:

1. Was there sufficient evidence to support the jury's verdict on the issue of liability?

2. Did Gary waive the right to raise the alleged excess of the damage award on appeal because Gary failed to file a motion to correct error which raised the issue?

The following are the facts most favorable to the verdict and judgment of the trial court. At approximately 12:00 noon on January 16, 1990, Juanita Trevino was driving north on Connecticut Street in Gary. As she entered the intersection of Connecticut and 42nd Avenue, her car was struck by a car driven by Frances Howard.[1] The accident investigation revealed that a stop sign which should have been in place at the intersection and which would have required Trevino to stop was missing.

The accident involving Trevino and Howard was not the first to occur at the intersection of Connecticut and 42nd on January 16; there had been another collision at approximately 8:15 that morning. The Gary police officer who investigated the morning accident had noticed the missing stop sign and had reported it to his dispatcher as required by city policy. Gary received notice of the missing stop sign by 9:15 a.m. but did not prepare a work order for the replacement of the sign until 12:22 p.m. Gary employees replaced the sign at 1:15 p.m.

Gary first argues that it should not be held liable for the failure to replace the missing stop sign in time to prevent the accident involving Howard and Trevino because the accident occurred within a few hours after the morning accident. In support of this argument, Gary asserts that it is a large city with many miles of roadway and many intersections and that it has few employees with which to service the traffic signs along its roads. Gary urges us that, under these circumstances, the jury verdict can not stand because Gary was not given a reasonable time to replace the sign.

■ Cities, like the other political subdivisions of the state, have a duty to maintain and repair the traffic control devices along their roadways. *Spier v. City of Plymouth* (1992), Ind.App., 593 N.E.2d 1255, 1258. The duty to repair does not attach unless the city has actual or constructive knowledge of a dangerous situation. *Id.; Tucher v. Brothers Auto Salvage Yard* (1991), Ind.App., 564 N.E.2d

560, 564. Once it is informed of a dangerous condition on its public ways, the city has a reasonable time to remedy the problem. *See Cowin v. Sears–Roebuck & Co.* (1955), 125 Ind.App. 624, 129 N.E.2d 131, 133.

■ Gary asks this court to find that there was not sufficient evidence to support the jury's verdict. When we review the evidence supporting a civil judgment, we must affirm if there is substantial evidence to support it, even if there is conflicting evidence. *Brigham v. Hubbard* (1888), 115 Ind. 474, 17 N.E. 920; *Hake v. Allen County* (in Banc 1947), 117 Ind.App. 683, 684, 75 N.E.2d 674; *Goodyear Tire & Rubber Co. v. Rau* (1920), 74 Ind.App. 361, 364, 129 N.E. 62, 63. In short, we may not reweigh the evidence and thus may not reverse unless there is an absolute failure of proof on some issue necessary to sustain the judgment. *Spear v. Whitsett* (1888), 115 Ind. 160, 17 N.E. 268, 269.

■ Here, the evidence showed that nearly three hours elapsed between the time that Gary was notified of the missing stop sign and the accident in which Trevino suffered her injuries. The jury also heard evidence concerning the difficulties Gary faced in replacing or repairing signs. It was for the jury to weigh this evidence and determine whether the three hour delay was reasonable under the circumstances. The jury obviously found that it was not, and we may not reweigh the evidence to disturb its verdict and the judgment entered thereupon.

■ Gary next attempts to argue that the jury verdict was excessive. However, the record of proceedings does not show that Gary ever filed a motion to correct error alleging that the damages awarded were excessive. Pursuant to Ind.Trial Rule 59(A)(2), a motion to correct error is a prerequisite to appeal when a party seeks to raise a claim that the damage award was either excessive or inadequate. The failure to file a mandatory motion to correct error prevents this court from considering the

---

1. Howard was also a defendant in this suit. The jury found Howard liable but did not assess any damages against her. Howard has not appealed the verdict and judgment against her.

issue on appeal. *In re Guardianship of Green* (1988), Ind.App., 525 N.E.2d 634, 635. We may not review the damage award in this case.

Gary has not shown that the verdict and judgment of the trial court were in error. We accordingly affirm.

**AFFIRMED.**

HOFFMAN and SHIELDS, JJ., concur.