709 N.E.2d 44 (1999)
In re the VISITATION OF J.P.H.
John P. and Carol A. Hayes, Appellants-Petitioners,
v.
Joseph P. and Kimberly Hayes, Appellees-Respondents.
No. 29A02-9805-CV-451
Court of Appeals of Indiana.
April 27, 1999.
*45 Edward F. Kelly, Douglas W. Meagher, Indianapolis, Indiana, Attorneys for Appellant.
Brian J. Zaiger, Church, Church, Hittle & Antrim, Noblesville, Indiana, Attorney for Appellee.

OPINION
BAILEY, Judge.

Case Summary
Appellants-Petitioners John P. and Carol A. Hayes ("Grandparents") appeal the dismissal of their petition for visitation with their grandchild, J.P.H. ("Child"), brought against Appellees-Respondents Plaintiffs Joseph P. ("Father") and Kimberly ("Mother") Hayes ("Parents"). We affirm.

Issue
The dispositive issue may be restated as whether grandparents have standing to petition for visitation against the wishes of the custodial parents whose marriage remains intact with respect to a grandchild who, although was born out of wedlock, has been legitimated by the establishment of paternity in Father and by Parents' marriage.

Facts
The facts are undisputed. Child was born to Mother out of wedlock. (R. 59). Paternity was established in Father. (R. 64-65). Parents married after Child's birth and remain married. (R. 41, 65). Grandparents are Father's parents. (R. 62).
Grandparents brought the instant petition for visitation with Child under the Grandparent Visitation Statute ("GVS"), IND.CODE § 31-17-5-1. (R. 6). The trial court dismissed the petition finding that Grandparents could not obtain an order granting visitation privileges over the parents' objection under the present circumstances where the parents' marriage was intact. (R. 41-42). This appeal ensued.

*46 Discussion and Decision
Grandparents assert the General Assembly has afforded them the right to seek visitation under IND.CODE § 31-17-5-1 of the GVS which reads in pertinent part as follows:
(a) A child's grandparent may seek visitation rights if:
(1) the child's parent is deceased;
(2) the marriage of the child's parents has been dissolved in Indiana; or
(3) subject to subsection (b), the child was born out of wedlock.
(b) A court may not grant visitation rights to a paternal grandparent of a child who is born out of wedlock under subsection (a)(3) if the child's father has not established paternity in relation to the child.
Also, IND.CODE § 31-17-5-8 provides that grandparent visitation rights survive the establishment of paternity of a child born out of wedlock.
Thus, Grandparents correctly point out that they meet all the statutory requirements to seek visitation under IND.CODE § 31-17-5-1(a)(3) and (b) because Child was born out of wedlock and Father established paternity with respect to Child.

A. Standard of Review
In order to seek visitation rights with grandchildren, grandparents must have standing to seek those rights under the GVS. Lockhart v. Lockhart, 603 N.E.2d 864, 867 (Ind.Ct.App.1992). Therefore, if the GVS does not provide standing for a particular class of grandparents to seek visitation rights, their petition must be denied as a matter of law. Id.

B. Statutory Interpretation of Grandparent Visitation Statute
As stated in JKB, Sr. v. Armour Pharmaceutical Co., 660 N.E.2d 602 (Ind.Ct. App.1996), trans. denied:
When interpreting a statute, the foremost objective is to determine and effect legislative intent. Statutes must be construed to give effect to legislative intent, and courts must give deference to such intent whenever possible. Thus, courts must consider the goals of the statute and the reasons and policy underlying the statute's enactment. Courts are to examine and interpret a statute as a whole, giving words their common and ordinary meaning, and not overemphasize a strict, literal, or selective reading of individual words. Words and phrases are taken in their plain, ordinary, and usual meaning unless a different purpose is manifested by the statute. Where possible, every word must be given effect and meaning, and no part is to be held meaningless if it can be reconciled with the rest of the statute. Id. at 605. The meaning and intention of the legislature are to be ascertained not only from the phraseology of the statute but also by considering its nature, design, and the consequences which flow from the reasonable alternative interpretations of the statute. Clark v. Kenley, 646 N.E.2d 76, 78 (Ind.Ct. App.1995), trans. denied. Statutes relating to the same general subject matter are in pari materia and should be construed together so as to produce a harmonious statutory scheme. Id.; Sanders v. State, 466 N.E.2d 424, 428 (Ind.1984). Moreover, courts will reject an interpretation of a statute which produces an absurd result. See Barger v. State, 587 N.E.2d 1304, 1306 (Ind.1992) (construction of a penal statute was rejected as absurd considering legislature's long and consistent history of imposing more severe penalties for the molestation of children under the age of twelve).
The GVS was enacted to strengthen familial bands in an era which has seen a general disintegration of family bonds. Sightes v. Barker, 684 N.E.2d 224, 231 (Ind. Ct.App.1997), trans. denied. The policy of the GVS is to promote intergenerational contact and strengthen the bonds of the extended family when the nuclear family has been dissolved. See id.
There was no common-law right to seek visitation with a grandchild. Id.; see also, In re Visitation of J.O., 441 N.E.2d 991, 994 (Ind.Ct.App.1982). Before the enactment of the GVS, grandparents could seek visitation as could other interested third parties only under limited circumstances. J.O., 441 *47 N.E.2d at 994; In re Custody of Banning, 541 N.E.2d 283, 284 (Ind.Ct.App.1989) (to establish visitation, a third person must show that a custodial and parental relationship had existed and that visitation would be in the child's best interests).
Thus, the GVS was enacted in derogation of the common law, creating rights which had not previously existed. Where statutory actions create rights in derogation of the common law, the statute creating those rights must be strictly construed. Wolf v. Boren, 685 N.E.2d 86, 88 (Ind.Ct.App.1997), trans. denied (wrongful death); Banning, 541 N.E.2d at 285-86 (Miller J. dissenting, noting that the GVS created a new remedy which had not been recognized under the common law).

C. Policy Against Governmental Intervention into Private Family Matters
As stated in Lockhart, 603 N.E.2d at 866:
It has long been recognized in our traditions and collective conscience that parents have the right to raise their children as they see fit. Unless there is some compelling governmental interest, it is well-established that government will not intervene in private family matters.
(citing Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965)). With respect to the GVS, the Lockhart court held:
We do not allow a grandparent control over the upbringing of the grandchild over the wishes of the parent when the parents are married or their child still retains legal custody of the grandchild. It is only when the parent does not have custody that the grandparents receive legislative protection. . . . As a pure matter of law, the statute clearly requires that grandparents may not obtain visitation against the wishes of a custodial parent.
Id. at 866-67 (emphasis added). Thus, the Lockhart court held that Grandparents had no standing under the GVS to seek visitation where Grandparents' son had been awarded primary physical custody of the grandchild. Id. at 866-67; See also J.O., 441 N.E.2d at 995 (maternal grandmother had no standing where mother of child born out of wedlock had custody of the child).

D. Common Law Legitimation
It is well settled under the statutes promulgated under the civil law that the parents' marriage plus the father's acknowledgement of paternity will legitimate a child born before the marriage. Brock v. State, 85 Ind. 397, 398-99 (1882); Bailey v. Boyd, 59 Ind. 292, 298-99 (1877) (such illegitimate child shall be deemed legitimate). Once a child has been legitimated by his parents' marriage and his father's acknowledgment of paternity, his status as legitimate cannot be changed. Brock, 85 Ind. at 399.
Thus, for all intents and purposes under the law, a child born out of wedlock, whose father establishes paternity and marries the child's mother, will be treated as if he were born during the marriage. We believe that this concept of legitimation by subsequent marriage and acknowledgment has such a long and consistent history that our legislature simply did not contemplate the situation posed in the present case when enacting the present version of the GVS.

E. Analysis
There is no question that Grandparents would have lacked standing had Child been born after Parents married. Grandparents' interpretation of the GVS that the legislature could have intended the opposite result where the child was born before the marriage but whose paternity has been established in Father and whose parents have married is absurd. Visitation under the present circumstances would constitute an unwarranted encroachment into the right of the custodial parents to raise their child as they see fit.
Therefore, we hold that the legislature could not have intended that Grandparents be afforded standing to seek visitation under the present circumstances against the wishes of the custodial parents whose marriage remains intact. Based on the above, the trial court correctly determined that Grandparents *48 lack standing to seek a visitation order under the GVS.
Judgment affirmed.
FRIEDLANDER, J., and STATON, J., concur.