

IN THE

# Court of Appeals of Indiana

Julia M. Guilfoyle and Thomas G. Guilfoyle,

*Appellants-Petitioners,*

v.

Hannah M. Guilfoyle and Gregory C. Guilfoyle,

*Appellees-Respondents*



FILED

Jul 09 2024, 10:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

July 9, 2024

Court of Appeals Case No.
23A-MI-2673

Appeal from the Dearborn Circuit Court

The Honorable Frank Aaron Negangard, Judge

Trial Court Cause No.
15C01-2308-MI-50

**Opinion by Judge Mathias**
Chief Judge Altice and Judge Bailey concur.

**Mathias, Judge.**

Julia and Thomas Guilfoyle ("Grandparents") appeal the trial court's dismissal of their petition for grandparent visitation with their grandchild R.M.G. ("Grandchild"). Grandparents present a single issue for our review, namely, whether the trial court erred when it concluded that they lack standing to petition for visitation with Grandchild.

We affirm.

## Facts and Procedural History

When Grandchild was born on January 14, 2021, his parents, Hannah ("Mother") and Gregory ("Father") Guilfoyle (collectively, "Parents"), were unmarried. But Father established his paternity of Grandchild, and Parents married in October 2022.

On July 20, 2023, Grandparents filed a petition for grandparent visitation with Grandchild. Grandparents alleged that, while Parents remained married, Father was legally prohibited from having contact with either Mother or Grandchild.[1] And Grandparents alleged that, while they previously had a close relationship with Mother and Grandchild, they were now "being denied any contact" with Grandchild. Appellants' App. Vol. 2, p. 9.

---

[1] The facts underlying this order of protection are not in evidence.

In August, Mother filed a motion for judgment on the pleadings and motion to dismiss under Trial Rule 12(C). Following a hearing, the trial court found that Grandparents lack standing to seek visitation with Grandchild and granted Mother's motions. This appeal ensued.

## Discussion and Decision

Grandparents concede that they do not have standing to bring their petition under this Court's opinion in *Hayes v. Hayes (In re Visitation of J.P.H.)*, 709 N.E.2d 44 (Ind. Ct. App. 1999). But Grandparents ask that we revisit our holding in *J.P.H.* and reconsider our interpretation of Indiana Code section 31-17-5-1 ("the GVS"), which provides:

> (a) A child's grandparent may seek visitation rights if:
> (1) the child's parent is deceased;
> (2) the marriage of the child's parents has been dissolved in Indiana; or
> (3) subject to subsection (b), the child was born out of wedlock.
> (b) A court may not grant visitation rights to a paternal grandparent of a child who is born out of wedlock under subsection (a)(3) if the child's father has not established paternity in relation to the child.

In *J.P.H.*, as here, a child was born out of wedlock, but the parents later married. The child's grandparents filed a petition for visitation rights, and the trial court dismissed their petition. On appeal, we held as follows:

> There is no question that Grandparents would have lacked standing had Child been born after Parents married. Grandparents' interpretation of the GVS that the legislature

could have intended the opposite result where the child was born before the marriage but whose paternity has been established in Father and whose parents have married is absurd. Visitation under the present circumstances would constitute an unwarranted encroachment into the right of the custodial parents to raise their child as they see fit.

Therefore, we hold that the legislature could not have intended that Grandparents be afforded standing to seek visitation under the present circumstances against the wishes of the custodial parents *whose marriage remains intact*. Based on the above, the trial court correctly determined that Grandparents lack standing to seek a visitation order under the GVS.

*J.P.H.*, 709 N.E.2d at 47-48 (emphasis added).

[8] Here, Grandparents argue that Parents' marriage is not "intact" because, while still legally married, they do not live together and have no contact with one another. And Grandparents contend that, "where the parents are married on paper only, but living separate and apart and are not a cohesive family unit making mutual decisions, they should not be barred from seeking grandparent visitation." Appellants' Br. at 10. Accordingly, they urge us to distinguish *J.P.H.* and hold that they have standing to seek visitation with Grandchild.

[9] As we observed in *J.P.H.*, "the GVS was enacted in derogation of the common law, creating rights which had not previously existed." 709 N.E.2d at 47. Accordingly, "the statute creating those rights must be strictly construed." *Id.* The GVS does not confer standing on grandparents where the parents are married. Moreover, "'[i]t has long been recognized in our traditions and collective conscience that parents have the right to raise their children as they

see fit. Unless there is some compelling governmental interest, it is well-established that government will not intervene in private family matters.'" *Id.* (quoting *Lockhart v. Lockhart*, 603 N.E.2d 864, 866 (Ind. Ct. App. 1992)). Notably, Grandparents make no argument that a compelling government interest warrants intrusion on Parents' parental rights here. Any change in the statutory language that governs grandparent visitation must come from the General Assembly. We agree with the trial court that following our precedent in *J.P.H.* is appropriate under the facts here.

[10] For all these reasons, we agree with the trial court that Grandparents lack standing to bring their petition for visitation. And we affirm the dismissal of that petition.

[11] Affirmed.

Altice, C.J., and Bailey, J., concur.

ATTORNEY FOR APPELLANTS

George A. Lohmeier
Allen Wellman Harvey Keyes Cooley, LLP
Greenfield, Indiana

ATTORNEYS FOR APPELLEE HANNAH M. GUILFOYLE

Robert E. Shive
Jennifer E. Penman
Emswiller, Williams, Noland & Clarke, LLC
Indianapolis, Indiana